61172

Jay B. Itkowitz (JBI-5349)
ITKOWITZ PLLC
26 Broadway, 21st Floor
New York, New York 10004
(646) 822-1801
jitkowitz@itkowitz.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSEMARIE RICHARDSON

                     Plaintiff,                     **Index No.**

         -against-                     **<u>VERIFIED COMPLAINT</u>**

                                             

CARMEN FARINA, KATHERINE G. RODI,     **<u>PLAINTIF DEMANDS A</u>**
CANDACE R. MCLAREN, MIRIAM M.        **<u>JURY TRIAL</u>**
BERARDINO, ANNA STEEL, THE NEW YORK CITY
DEPARTMENT OF EDUCTION, THE NEW YORK
CITY BOARD OF EDUCATION AND THE CITY OF
NEW YORK

                     Defendants.
------------------------------------------------------------------X

        Plaintiff ROSEMARIE RICHARDSON ("Plaintiff" or "Richardson"), by her attorneys, Itkowitz PLLC, as and for her complaint against the Defendants CARMEN FARINA ("Farina"), KATHERINE G. RODI ("Rodi"), CANDACE R. MCLAREN ("McLaren"), MIRIAM M. BERARDINO ("Berardino"), ANNA STEEL ("Steel"), THE BOARD OF EDUCATION OF THE CITY OF NEW YORK ("BOE") AND/OR THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK ("DOE") (collectively "Defendants"), alleges as follows:

## <u>THE PARTIES</u>

        1.      Plaintiff resides at 622 East 20th Street, New York, New York 10009.

2.      At all relevant times, Richardson was a tenured administrator in the New York City public school system with over 30 years of experience.

3.      Defendant Farina is the Chancellor of the BOE and/or the DOE and the chief administrator of the New York City public schools.

4.      At all relevant times, Defendant Rodi was and is employed by the Defendant DOE as Director of the Office of Employee Relations.

5.      Upon information and belief, at all relevant times, Defendant McLaren is and/or was employed as the Director of the Office of Special Investigations of the DOE.

6.      Upon information and belief, at all relevant times Defendant Berardino is and/or was a Confidential Investigator for the Office of Special Investigations for the DOE.

7.       Upon information and belief, at all relevant times Defendant Steel was a Confidential Investigator for the Office of Special Investigations for the DOE.

8.      The BOE and/or the DOE is a public corporation with a principal location in the County of New York.

9.      The BOE and/or the DOE operates the New York City public schools.

10.     The BOE and/or the DOE is a person within the meaning of 42 USC § 1983.

11.     The BOE and/or the DOE maintains a principal place of business at 52 Chambers Street, New York, New York.

## JURISDICTION AND VENUE

12.     Jurisdiction over this action is based upon 28 U.S.C. §§ 1331 and 1343(a)(3) as this matter involves federal questions under 42 USC § 1983 and the Fourteenth Amendment of the United States Constitution.

13.     Jurisdiction is also predicated on 28 USC § 1343(a) in that the claims

2

asserted herein provide for the protection of civil rights.

14.     Plaintiff also seeks declaratory relief pursuant to 28 USC §§ 2201 and 2202.

15.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1367 because the state claims are so related to the federal claims that they form part of the same case and/or controversy between Plaintiff and Defendants.

16.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

17.     In the event Plaintiff prevails in this proceeding, she will be entitled to attorneys' fees and costs pursuant to 42 USC § 1988.

## NATURE OF CLAIM AND FACTS GIVING RISE TO THE COMPLAINT

18.     The BOE and/or the DOE deprived Ms. Richardson of her constitutional rights pursuant to the 14th Amendment of the United States Constitution and her statutory rights pursuant to the New York State Education Law § 3020-a by subjecting Ms. Richardson to disciplinary proceedings and placing Ms. Richardson on an "Ineligible List" thereby stigmatizing her and damaging her liberty and property interests, all without the benefit of a hearing as required by the United States Constitution and the New York State Education Law.

19.     On or about October 13, 2011, the Office of Special Investigations ("OSI") received a referral from the Special Commissioner of Investigation ("SCI") claiming Richardson, a supervisory employee with tenure, had "falsely documented" that a mother had participated in a telephone conference with the respect to a student's Individualized Education Program ("IEP").

20.     On or about November 29, 2011, upon information and belief, Defendant Steel, an OSI investigator, notified Richardson that she was the subject of an unspecified

3

investigation.

21.     Defendant Richardson was not given any details of the allegations which had been purportedly asserted against her.

22.     Subsequently, upon information and belief, Defendant Steel, the OSI investigator conducted an "interview" with Ms. Richardson on or about December 16, 2011.

23.     During the "interview" for the first time, Richardson was advised that a parent had asserted that Richardson had "falsely documented" that the parent had participated in a telephone conference on June 28, 2011 with the respect to the parent's child's IEP.

24.     During the "interview" Richardson was advised she had failed to contact the student's service provider to schedule the IEP conference, failed to contact the mother of the student to schedule the IEP conference and failed to follow various "timelines" imposed by the NYS regulations and the Education Law.

25.     Prior to the "interview" at no time was Richardson given any notice whatsoever of any specific complaints about her performance, let alone an opportunity to prepare a defense.

26.     At the "interview", Richardson denied and herein denies the allegation that she "falsely documented" that the parent had participated in a telephone conference on June 28, 2011 with the respect to the parent's child's IEP.

27.     At the "interview", Richardson denied and herein denies that she had failed to contact the student's service provider to schedule the IEP conference, failed to contact the mother of the student to schedule the IEP conference and failed to follow various "timelines" imposed by the NYS regulations and the Education Law.

28.     At the "interview", Richardson was not permitted access to her files.

29.     At no time prior to and/or after the "interview" was Richardson given access to telephone records maintained by DOE in the regular course of business with respect to IEP proceedings.

30.     To Richardson's knowledge, nothing ever occurred after the "interview" on December 16, 2011.

31.     Richardson retired in July of 2012.

32.     Unbeknownst to Richardson, OSI continued to process the complaint without notice of any kind to Ms. Richardson.

33.     At no time was Richardson given any written notice of any specific allegations and an opportunity to contest the same.

34.     On or about August 14, 2012 in OSI Case #11-935,  Defendant Berardino recommended that the allegations be  "substantiated" that Richardson had purportedly "falsely documented" that the subject parent had participated in a telephone conference on June 28, 2011, failed to contact the student's service provider to schedule the IEP conference, failed to contact the mother of the student to schedule the IEP conference and failed to follow various "timelines" imposed by the NYS regulations and the Education Law.

35.     On or about August 14, 2012, Defendant Berardino recommended that Richardson "be placed on the Ineligible List and not be considered for future employment with the DOE".

36.     The recommendation by Defendant Beradino was "approved" by Defendant McLaren.

37.     At no time did Defendants Beradino and/or McLaren and/or the BOE and/or the DOE provide Richardson with notice that any allegations had been "substantiated" and/or "approved".

38.     At no time did Defendants Beradino and/or McLaren and/or BOE and/or the DOE provide Richardson with notice that she had been placed on" the Ineligible List and not be considered for future employment with the DOE."

39.     Ms. Richardson did not find out about this administrative action until July 20, 2015.

40.     The circumstances by which she discovered this action occurred when she applied for an educational position with Manual Therapy Center, Inc. on April 23, 2015.

41.     As part of the vetting process, her name was submitted for vetting for security clearance with the DOE.

42.     Her application for security was denied and it was not until July 20, 2015 that she learned that the DOE had placed Richardson on an "Ineligible List."

43.     On July 28, 2015, Richardson received a letter for the DOE advising her that because of a "report" dated August 14, 2012, Richardson was denied a "security clearance" to work as an Educational Administrator for the DOE. A copy of the letter is annexed as Exhibit "1".

44.     Richardson had never received prior notice of any "report" placing her on an "Ineligible List."

45.     In further investigating the circumstances of this event, she checked her personnel file with DOE and discovered that no record of such action was contained in her personnel file.

46.     It took a letter from her prior counsel, Neal Rosenberg, dated August 12, 2015 to dislodge the offending letter documenting the administrative action from DOE which he received on or about September 9, 2015 in which he received the offending determination via

email from Mallory Sullivan. A copy of the Rosenberg letter and response are respectively annexed as Exhibits "2" and "3".

47.     Subsequently, Mr. Rosenberg requested that Ms. Sullivan reconsider the determination in issue via letter dated September 29, 2015. A copy is annexed as Exhibit "4".

48.     By letter dated October 20, 2015, Katherine G. Rodi, Director of the Office of Employee Relations for the DOE, "affirmed" the original findings in the "approved" recommendation dated August 14, 2012. A copy of the letter dated October 20, 2015, which was mailed by Rodi to Richardson, is annexed as Exhibit "5".

49.     On January 11, 2016, Richardson served and filed a Notice of Claim against the BOE and DOE and the Comptroller of the City of New York alleging that the foregoing actions by the OSI, the DOE, the Board of Education and the City of New York, deprived Ms. Richardson of her constitutional and statutory rights to due process and to defend the allegations before an impartial court and/or hearing officer and the right to confront those who accused her of the charges which were substantiated. A copy of the Notice of Claim is annexed as Exhibit "6".

50.     More than thirty days has elapsed since the Notice of Claim has been filed against the DOE and BOE and the claim has not been adjusted.

51.     Upon information and belief, Richardson remains on the "Ineligible List" and continues to be disqualified from being employed, in any capacity, by the BOE and/or DOE and/or any contractor who contracts with the DOE and/or BOE.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Violation of the Fourteenth Amendment/Liberty Interest)**

52.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "51" as if fully set forth below.

53.     The placement of Richardson on the BOE and/or DOE's "Ineligible List" has deprived Richardson of due process of law.

54.     In continuing to disqualify Richardson from employment with the DOE and/or BOE and/or any contractor who contracts with the BOE and/or DOE, the Defendants have injured Richardson's good name and reputation and have foreclosed her from practicing her profession without due process and/or the ability to contest the allegations arising from the "investigation" of Richardson.

55.     As a proximate result of Defendants' conduct, Richardson has suffered and continues to suffer substantial losses in earnings and other benefits she would have received absent Defendants' improper action.

56.     As a further proximate result of the above-described actions, Richardson has suffered humiliation, mental pain and anguish. These injuries justify an award of compensatory damages in an amount to be determined by a jury at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Violation of Education Law)**

57.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "56" as if fully set forth below.

58.     Section 3020-a of the New York Education Law provides that "No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause…"

59.     New York Education Law § 3020-a provides for a hearing before a single hearing officer and § 3020-a(5) requires notice of a hearing officer's decision after which an employee may make an application to the New York Supreme Court.

60.     An employee who resigns with tenure retains the rights of a tenured

employee after resignation.

61.     The failure to afford Richardson a hearing before an impartial hearing officer and to provide Richardson with a notice and opportunity to be heard with respect to any allegations regarding her conduct, violated Education Law § 3020-a.

62.     Accordingly, Richardson is entitled to compensatory damages in an amount to be determined by an award of compensatory damages in an amount to be determined by a jury at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Violation of CPLR Article 78)**

63.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "62" as if fully set forth below.

64.     In placing Richardson on an "Ineligible List" and in "affirming" such determination without notice and an opportunity to be heard,  Defendants have acted in an arbitrary and capricious manner, have committed an error in law and procedure and/or an abuse of discretion in violation of § 7803(3) of New York's Civil Practice Law and Rules.

65.     Accordingly, Richardson respectfully requests that the Court annul the determination placing her on "Ineligible List" so that she may be employed by the BOE and/or DOE and/or any contractors doing business with the BOE and/or DOE.


**WHEREFORE**, Plaintiff demands judgment as follows:

(i)     On the First Cause of Action, a money judgment in favor of Plaintiff and against Defendants, plus attorney fees, costs and expenses, in an amount  of damages in an amount to be determined by a jury at trial;

(ii)     On the Second Cause of Action, a money judgment in favor of Plaintiff and against Defendants, plus attorney

fees, costs and expenses, in an amount of damages in an amount to be determined by a jury at trial; and

(iii)     On the Third Cause of Action,  annulling the determination by the Defendants to place Plaintiff on an "Ineligible List" on the grounds that such determination is arbitrary and capricious, an error in law and procedure and/or an abuse of discretion in violation of § 7803(3) of New York's Civil Practice Law and Rules.

(iv)     Enjoining the Defendants from placing Plaintiff on an "Ineligible List" without first affording her Due Process  of Law;

(v)      Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:       New York, New York
             February 22, 2016

                                              **ITKOWITZ PLLC**
                                              *Attorneys for Plaintiff*

                                    By:     */s/ Jay B. Itkowitz*
                                            Jay B. Itkowitz (JBI-5349)
                                            26 Broadway, 21st Floor
                                            New York, New York 10004
                                            (646) 822-1801
                                            jitkowitz@itkowitz.com

10

## VERIFICATION

STATE OF NEW YORK          )
                                                )     ss:
COUNTY OF NEW YORK     )

  ROSEMARIE RICHARDSON, being duly sworn, deposes and says:

  I am the Plaintiff in this matter.  I have read the foregoing Verified Complaint and know the contents thereof.  The same is true to my own knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

          _____
          Rosemarie Richardson

Sworn to before me this
22nd day of February 2016

_____
Notary Public