**Neal Rosenberg**
___

| | |
|---|---|
| From: | Sullivan Mallory [MSullivan3@schools.nyc.gov] |
| Sent: | Wednesday, September 09, 2015 2:21 PM |
| To: | Neal Rosenberg |
| Subject: | R. Richardson |
| Attachments: | R.Richardson.pdf |

Good afternoon,

Please find attached a copy of the requested report. It is our understanding you exhausted all regular channels for a copy of said report, and were unsuccessful in securing a copy.

Thank you,
Mallory Sullivan


Mallory O. Sullivan
First Deputy Director, Office of Personnel Investigation
Division of Human Resources
New York City Department of Education
65 Court Street, Rm 200
Brooklyn, New York 11201
(718) 935-4710 direct
MSullivan3@schools.nyc.gov

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

## OFFICE OF SPECIAL INVESTIGATIONS
## INVESTIGATIVE REPORT


**Department of Education**
Dennis M. Walcott, Chancellor

Courtenaye Jackson-Chase
General Counsel

Candace R. McLaren
Director

Christopher J. Dalton
Deputy Director

Norris W. Knowles
Associate Director

DATE: August 14, 2012

TO: Candace R. McLaren
Director

FROM: Myriam M. Berardino for Anna Steel[1]
Confidential Investigator

SUBJECT: Rosemarie Richardson, File #621761[2]
Administrator, Committee on Preschool Special Education

OSI Case #11-9350

### ORIGIN OF COMPLAINT

On October 13, 2011, the Office of Special Investigations ("OSI") received a referral from the Special Commissioner of Investigation ("SCI") concerning the conduct of Rosemarie Richardson, Committee on Preschool Special Education ("CPSE").[3] Ms. Jan McDonald, Executive Director, Committee on Special Education, reported that, on June 28, 2011, Ms. Richardson had falsely documented that Mother A had participated, via teleconference, in the annual review of Student A's Individualized Education Program ("IEP")[4] held on the same date. Mr. McDonald further stated that his information was based on a complaint he received from Christopher Treiber, Director of Advocacy Services, AHRC New York City.[5]

---

[1] OSI Investigator Anna Steel is no longer employed with the Department of Education ("DOE").
[2] Rosemarie Richardson retired from the Department of Education on July 1, 2012.
[3] CPSE is responsible for servicing children ages 3-5 years old. "Every school district has a CPSE that determines a child's special needs and services. "When a parent or teacher believes a child might benefit from special education, the district's committee plays an important role. It reviews referrals from parents and teachers, arranges for student evaluations, and reviews the results. In consultation with the student's parents, the committee makes recommendations about a student's need for special education and an individualized education program ("IEP"). In addition, the committee must review, at least annually, the student's IEP and arrange for a re-evaluation of the student at least once every three years." See http://nysut.org/specialed/print.html)
[4] An Individualized Education Program ("IEP") is a document that outlines a specific educational program for a student with a disability. (See http://schools.nyc.gov/Offices/District75/Departments/IEP/default.htm)
[5] AHRC New York City offers a wide range of programs, services and supports tailored to meet the specific needs of individuals with intellectual and developmental disabilities. (See http://www.ahrcnyc.org/aboutus/aboutus.html)

During the course of this investigation, it was discovered that the service provider had not been present during Student A's annual IEP review. According to Mr. Trieber, Ms. Richardson should not have changed Student A's IEP without the service provider, Functional Life Achievement, Inc., being present.

During the course of this investigation, it was discovered that Mother A and Ms. Diane Bissesar, Assistant Director, ▮▮▮▮▮▮▮▮▮▮ Inc.,[6] had requested, via several letters to Ms. Richardson and to the "CPSE administrator," that Student A's IEP be re-evaluated.[7] However, neither Ms. Richardson nor any other CPSE administrator responded to Ms. Bissesar or Mother A. Mr. Treiber alleged that Ms. Richardson had violated Part 200 of New York State Regulations of the Commissioner of Education, Section 200.16, by failing to respond within a particular timeframe regarding Student A's IEP re-evaluation.

Additionally, during the course of this investigation, it was discovered that Ms. Richardson had violated Section 200.4(d)(4) of the New York State Regulations of the Commissioner of Education and Section 4410 of the New York State Education Law which states that, "To the extent possible, any meeting of the committee shall be held at a site and time mutually convenient to the members of the committee and the parent of the preschool students, including but not limited to the worksite of the evaluator, the municipal representative on the committee, or the chairperson of the committee." According to Mr. Treiber, Ms. Richardson was to have scheduled an appointment with Mother A, on a mutually agreeable date, for Student A's annual IEP review.

## BACKGROUND

On June 11, 2012, a search of the Department of Education's databases revealed that Rosemarie Richardson has not been the subject of any previously substantiated allegations.

On June 11, 2012, Technician Pribil, New York City Police Department's Bureau of Criminal Identification Unit, indicated that Rosemarie Richardson does not have a criminal history.

---

[6] ▮▮▮▮▮▮▮▮▮▮, Inc. offers "early intervention services to address the needs of infants and toddlers who have developmental delays or disabilities."
http://npidb.org/organizations/agencies/early_intervention_provider_agency_252y00000x/
[7] Mother A's letter, dated September 13, 2011, is contained within the investigative file. Ms. Bissesar's letters to CPSE administrators dated November 23, 2010 and March 17, 2011, are contained within the investigative file.

## RESULTS OF INVESTIGATION

In November 2011, Investigator Steel interviewed the following individuals, via telephone, regarding the events during the 2010-2011 school year:

### Jan McDonald, Executive Director, Committee on Special Education:

On November 4, 2011, Investigator Steel interviewed Ms. Jan McDonald, Executive Director, Committee on Special Education. She stated that, on or about October 7, 2011, Christopher Treiber, Director of Advocacy Services, AHRC New York City, informed her that Mother A had alleged that she had not participated in a telephonic conference call with Ms. Richardson regarding Student A's annual IEP review. Ms. McDonald explained that, on the form entitled "Authorization of the IEP – Change,"[8] Ms. Richardson had noted a "T" next to Mother A's signature. Ms. McDonald further explained that the "T" implied that Ms. Richardson had a telephonic conference call with Mother A and that she had signed the form on behalf of Mother A.

Ms. McDonald then called SCI to report Mr. Treiber's allegation against Ms. Richardson.

### Mother A:

On November 22, 2011, Investigator Steel interviewed Mother A. She stated that her 4-year-old son, Student A, attended the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and his teachers recommended that he be evaluated for special education services. The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ sent a referral to the CPSE, and Student A received an IEP detailing the services that he was to receive starting in September 2010. According to Mother A, by November 23, 2010, Student A's teachers recommended a re-evaluation of Student A's IEP because they believed that he needed additional services.

As a result, around November 2010, Mother A also requested that Student A be re-evaluated. However, according to Mother A, she never received a reply from the CPSE.

Mother A further stated that, in April 2011, after several attempts to reach CPSE administrator Lisa Saracuse,[9] via telephone, Ms. Saracuse informed her that she was no longer Student A's CPSE administrator, but the case had been assigned to Ms. Richardson. During that time, Mother A repeatedly called Ms. Richardson to request that Student A be re-evaluated. Ms. Richardson did not return any of her phone calls. According to Mother A, Student A's service provider, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Inc., had also sent two letters[10] to the CPSE requesting additional services for Student A.

On July 5, 2011, Mother A stated that she received a new copy of Student A's IEP from Ms. Richardson. Mother A insisted that she did not have a telephonic conversation

---

[8] Copy of the Authorization of the IEP – Change "is contained within the investigative file."
[9] Ms. Lisa Saracuse retired on November 1, 2011.
[10] The two letters sent to CPSE, dated November 23, 2010 and March 17, 2011, from ▮▮▮▮▮▮▮▮▮▮▮▮ Inc., are contained within the investigative file.

Chancellor's Office of Special Investigations
65 Court Street - Room 922 • Brooklyn, NY 11201
Telephone: 718 935 3500; Fax: 718 935 3931

-3-

with Ms. Richardson on June 28, 2011. In fact, Mother A insisted that she had just changed jobs at that time and could not have been reached by telephone. Furthermore, Mother A was adamant that she would never have agreed to keep the same IEP when she had been advocating for her ▓▓▓ to receive additional services.

In September 2011, Mother A reported to Mr. Treiber that, during the 2010-2011 school year, the CPSE had neglected to re-evaluate Student A's IEP despite her insistence and that of the service providers.

### Christopher Treiber, Director of Advocacy Services, AHRC[11]:

On November 10, 2011, Investigator Steel interviewed Mr. Christopher Treiber, Director of Advocacy Services, AHRC New York City. He stated that, in September 2011, Mother A met with him to discuss her request, as well as that of the service provider, that Student A be re-evaluated in order to have his IEP include additional services.

Mr. Treiber stated that, under Section 200.16 of the New York State Regulations of the Commissioner of Education, and under Education Law, Article 89, subsection 4410, the CPSE should have responded to Mother A's request for evaluation within 90 days, but did not. Moreover, the CPSE had 30 days within which to contact Mother A and acknowledge the request for re-evaluation. Mr. Treiber stated that the CPSE "definitely violated those timelines." Furthermore, Mr. Treiber stated that another regulation dictates that "every effort" be made to convene an IEP meeting that the parent can attend. Lastly, Mr. Treiber explained that, in order to change a student's IEP, the student's parent and service provider must be present. However, neither Mother A, nor the service provider, Functional Life Achievement, Inc., was present at Student A's annual IEP review on June 28, 2011; instead, Ms. Richardson was the only person present.

### Lisa Saracuse, CPSE administrator:

On November 29, 2011, Investigator Steel requested that Ms. Saracuse be interviewed at OSI. On December 19, 2011, Mr. Robert Reich, Director, Council of School Supervisors & Administrators ("CSA") sent an email[12] to Investigator Steel stating that Ms. Lisa Saracuse, CPSE administrator, "has retired from the New York City Department of Education and does not wish to meet with your office."

### Gerard Donegan, Committee on Special Education, Chairperson:

On January 24, 2012, Investigator Steel interviewed Mr. Donegan, Committee on Special Education ("CSE"), Chairperson, at OSI, in the presence of Carol Atkins, CSA Representative. At that time, Mr. Donegan stated that he had no information about this particular case.

---

[11] Mr. Treiber is currently working as Associate Executive Director for Children's Services, Interagency Council of Developmental Disabilities Agencies, Inc.
[12] A copy of Mr. Reich's email, dated December 19, 2011, is contained within the investigative file.

He acknowledged that, if a parent requests that his or her child's IEP be re-evaluated, the CPSE administration has to approve or deny the request within 30 days. Once approved, the student would have to be re-evaluated and an IEP meeting would be held to determine what additional services would be recommended.

He also acknowledged that, during an annual IEP review, the CPSE administrator and the special education service provider must be present. A parent is advised, via letter, of the date of the annual IEP review. The parent has a choice to attend in person or be present during a telephonic conference call.

Mr. Donegan stated that, during the 2010-2011 school year, there was a lot of turnover in the CPSE office. He said that, at that time, Ms. Richardson was new to the job, the environment was chaotic, the caseload was high, and this case must have fallen through the cracks.[13]

### 48-Hour Notice:

On November 29, 2011, Investigator Steel notified Ms. Richardson that she was the subject of this investigation. After serving Ms. Richardson with a 48-Hour Notice, she was explicitly instructed not to discuss the details of this investigation with anyone at the location of the alleged incident other than her union representative.

### Rosemarie Richardson, CPSE administrator:

On December 16, 2011, Ms. Rosemarie Richardson, CPSE administrator, appeared at OSI and interviewed in the presence of Phyllis Williams, CSA Representative. At that time, Ms. Richardson stated that she began working at CPSE in December 2010.

When questioned, Ms. Richardson was very evasive and refused to explain her responsibilities and the referral process for preschool students. Furthermore, Ms. Richardson did not recall handling Student A's case, and said that she was not familiar with Student A or Mother A.

During the interview, Investigator Steel showed Ms. Richardson a copy of Student A's IEP, dated June 28, 2011, and entitled "Final Notice of Recommendation/Modification of IEP." Ms. Richardson acknowledged that she had filled it out and that it contained her signature, but could not recall any specifics, including the alleged teleconference call with Mother A.

When questioned about why Student A's service provider had not been present during that meeting, since the name and the signature of the service provider were left blank, Ms. Richardson stated that it is not unusual for a service provider to be absent during an IEP meeting.

---

[13] Investigator Steel's notes did not indicate whether these statements, or portions thereof, were direct quotes.

Chancellor's Office of Special Investigations
65 Court Street - Room 922 - Brooklyn, NY 11201
Telephone: 718 935 3800; Fax 718 935 3931

-5-

OSI Case #11-9350

Ms. Richardson would neither confirm nor deny whether it was the policy to attempt to accommodate a parent to attend an IEP meeting in person, rather than a telephonic conference call. Additionally, she could not say whether she had documented any attempts to contact Mother A and/or the service provider before scheduling the June 29, 2011 IEP meeting.

Ms. Richardson was not able to articulate what occurs when a case is transferred from one CPSE administrator to another or what the responsibilities of the newly assigned CPSE administrator would be when a case is transferred. Ms. Richardson did not recall whether Ms. Saracuse was the first CPSE administrator assigned to Student A. Ms. Richardson did not recall receiving any cases from Ms. Saracuse.

Ms. Richardson acknowledged that, during the 2010-2011 school year, there was a "tremendous amount of turnover at her agency," including Ms. Saracuse retiring; as a result, things were "very chaotic."

Ms. Richardson denied receiving Mother A's letter addressed to her in September 2011, even after Investigator Steel showed her a copy of said letter.

Ms. Richardson denied that Mr. Donegan, her supervisor, had spoken to her about Mother A's complaint.

Ms. Richardson denied unilaterally changing Student A's IEP. Relying solely on the fact that her signature appeared on Student A's IEP, Ms. Richardson claimed that, although it was not necessary to have a service provider present, Mother A had been present via a teleconference call on June 28, 2011. Ms. Richardson maintained that she would not have indicated that a teleconference call had occurred with Mother A if it had not happened.

## CONCLUSION

The allegation that Rosemarie Richardson, CPSE Administrator, falsely documented that Mother A had participated, via teleconference, in the annual review of Student A's IEP on June 28, 2011 is **substantiated**.

The allegation that Rosemarie Richardson, CPSE Administrator, failed to contact Student A's service provider to schedule the IEP review and to ensure the service provider's presence during the annual IEP review on June 28, 2011 is **substantiated**.

The allegation that Rosemarie Richardson, CPSE Administrator, failed to contact Mother A to schedule the IEP review and to ensure that Mother A could attend the IEP review is **substantiated**.

The allegation that Rosemarie Richardson, CPSE Administrator failed to follow the timelines under Section 200.16 of the NYS Regulations and Section 4410 of Education Law Article 89 is **substantiated**.

Chancellor's Office of Special Investigations
65 Court Street - Room 922 - Brooklyn, NY 11201
Telephone: 718 935 3800; Fax: 718 935 3931

-6-

The allegation that Rosemarie Richardson, CPSE Administrator, failed to respond to requests from Mother A and the service provider to change Student A's IEP is substantiated.

## RECOMMENDATION

It is the recommendation of this office that Rosemarie Richardson be placed on the Ineligible List and not be considered for future employment with the DOE.

SUBMITTED BY:

*Miriam M. Berardino*
Miriam M. Berardino
Confidential Investigator

APPROVED BY:

For Candace R. McLaren
Director