16-CV-01364 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSEMARIE RICHARDSON,

                                                    Plaintiff,

                        - against -

CARMEN   FARINA,   KATHERINE   G.   RODI,
CANDACE MCLAREN, MIRIAM M. BERARDINO,
ANNA   STEEL,   THE   NEW   YORK   CITY
DEPARTMENT OF EDUCATION, THE NEW YORK
CITY BOARD OF EDUCATION, and THE CITY OF
NEW YORK,

                                                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS THE CITY OF NEW YORK, THE
NEW   YORK   CITY   DEPARTMENT   OF
EDUCATION, AND THE NEW YORK CITY
BOARD   OF   EDUCATION'S   MOTION   TO
DISMISS THE COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*The City of New York, The New York City*
*Department of Education, and the New York*
*City Board of Education*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kevin Connolly*
*Tel: (212) 356-1180*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................3

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................................6

     A.    DOE's Investigation of Plaintiff's Conduct: .................................6

     B.    Plaintiff's Retirement in July 2012: ...........................................8

     C.    DOE's Investigative Conclusion dated August 14, 2012: ............8

     D.    Plaintiff's Application With Manual Therapy Center dated April 23, 2015: .........................................................................9

ARGUMENT ..........................................................................................................10

I.       APPLICABLE STANDARD ....................................................................10

II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE A FINAL ADMINISTRATIVE DETERMINATION MAY ONLY BE CHALLENGED BY COMMENCING AN ARTICLE 78 PROCEEDING IN NEW YORK STATE SUPREME COURT ....................................................12

     A.    The Court Lacks Jurisdiction over Plaintiff's Article 78 Claim.......................................................................................12

     B.    Plaintiff's Article 78 Claims are Time-Barred ...........................14

III.    PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION, ALLEGING VIOLATION OF HER DUE PROCESS RIGHTS AND VIOLATION OF SECTION 3020-A OF THE NEW YORK EDUCATION LAW, SHOULD BE DISMISSED BASED ON HER FAILURE TO PLEAD A PRIMA FACIE CASE ..............................15

     A.    Plaintiff's Rights Under the Due Process Clause of the Fourteenth Amendment and New York State Education Law Section 3020-A Were Not Violated When She Was Placed on the Ineligible List Without a Disciplinary Hearing, Because Her Retirement Deprived DOE of the Opportunity to Comply With Procedural Obligations and Foreclosed Plaintiff From Seeking the Protections of Her Previous Rights as an Employee ....................................................................................15

     B.    Plaintiff Does Not Have a Property Interest in a DOE Security Clearance .................................................................17

C.   Plaintiff's Complaint Does Not Establish the
Deprivation of a Constitutionally-Protected Liberty
Interest ...................................................................................18

IV.   THE CITY OF NEW YORK IS NOT A PROPER PARTY TO THIS ACTION ...........19

CONCLUSION...........................................................................................21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSEMARIE RICHARDSON,

                                        Plaintiff,

              - against -

CARMEN FARINA, KATHERINE G. RODI, CANDACE
MCLAREN, MIRIAM M. BERARDINO, ANNA STEEL,        16-CV-01364
THE   NEW   YORK   CITY   DEPARTMENT   OF
EDUCATION, THE NEW YORK CITY BOARD OF
EDUCATION, and THE CITY OF NEW YORK,

                                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS THE CITY OF NEW YORK,
THE NEW YORK CITY DEPARTMENT OF
EDUCATION, AND THE NEW YORK CITY
BOARD OF EDUCATION'S MOTION TO
DISMISS THE COMPLAINT[1]**

Defendants the New York City Department of Education, the New York City

Board of Education, and the City of New York, submit this Memorandum of Law, and the

Declaration of Assistant Corporation Counsel Kevin P. Connolly, dated May 19, 2016,

("Connolly Decl.") in support of their motion to dismiss the Complaint in its entirety pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

**PRELIMINARY STATEMENT**

Plaintiff Rosemarie Richardson ("Plaintiff") was formerly employed by the New

York City Department of Education ("DOE") as a tenured administrator in DOE's Committee on

---

[1] No appearance is made on behalf of defendants Carmen Farina, Katherine G. Rodi, Candace McLaren, Miriam M. Berardino, and Anna Steel (collectively "Individual Defendants") at this time. Upon information and belief, to date, the Individual Defendants have not been properly served with the Summons and Complaint.

[2] References to "Compl. at __" are to the pages of plaintiff's complaint, filed February 22, 2016, which is attached to the Connolly Decl. as Exhibit A. References to "DOE Letter" are to the letter from the DOE to Plaintiff, dated July 28, 2015, which Plaintiff attached as Exhibit 1 to her complaint. References to "Investigative Report" are to the DOE Investigative Report, dated August 14, 2012, which Plaintiff attached as Exhibit 3 to her complaint.

Preschool Education ("CPSE"). Plaintiff brings this action alleging that DOE violated Section 7803(3) of New York's Civil Practice Law and Rules, Plaintiff's Fourteenth Amendment Due Process rights, and Section 3020-a of the New York Education Law, contending that, several years after she retired from DOE, it wrongfully denied her security clearance, sought in connection with Plaintiff's outside employment.

DOE's denial arose from its prior investigation of a complaint made against Plaintiff by the mother of one of Plaintiff's special needs students ("Mother A"). In October 2011, Mother A alleged that on behalf of her son ("Student A"), she and his teachers had requested that Plaintiff change Student A's Individualized Education Program ("IEP") after the teachers observed that Student A needed additional services. For several months, Mother A attempted to contact Plaintiff, but Plaintiff did not respond. At the end of the school year, Plaintiff sent Mother A an updated IEP for Student A. Notably, the new IEP falsely stated that Plaintiff, Mother A, and Student A's teachers had all participated in a telephone conference regarding Student A's new IEP on June 28, 2011. Moreover, the new IEP was identical to the previous IEP and did not provide for any of the additional services recommended by Student A's teachers.

Plaintiff was interviewed by the DOE Office of Special Investigations ("OSI") on November 29, 2011. In July 2012, as the OSI investigation proceeded, Plaintiff retired from DOE. Notably, Plaintiff was not terminated from employment and retired before any disciplinary charges were brought against her. On August 14, 2012, after Plaintiff had already retired from DOE, OSI issued an Investigative Report substantiating the allegations against Plaintiff and recommending that Plaintiff be placed on the "Ineligible List" and not be considered for future DOE employment. On April 23, 2015, almost three years later, Plaintiff was offered a position to work as an educator for Manual Therapy Center. Since Manual Therapy Center is a DOE vendor

and services DOE students, Manual Therapy Center is required to have all of their employees obtain DOE security clearance before starting work. On July 28, 2015, DOE advised Plaintiff that her security clearance was denied based on the substantiated OSI investigation against her.

Plaintiff seeks to challenge the DOE's determination through this federal action. Such a challenge is misplaced and unavailing. At the outset, Plaintiff's complaint should be dismissed because, no matter how it is couched, she essentially challenges the basis for DOE's determination denying her security clearance. Such a determination may only be challenged by commencing a state court special proceeding in New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules. Plaintiff directly asserts a claim under that provision, but it cannot proceed here. Indeed, it is well established that the federal courts lack jurisdiction over an Article 78 claim. And, moreover, Plaintiff's Article 78 claim itself is time-barred because, notwithstanding the jurisdictional bar, an Article 78 proceeding must be commenced within four months of the determination being challenged. Plaintiff brought her Article 78 claim – albeit, improperly, in federal court – seven months after receiving the DOE's denial determination. That claim must be dismissed.

Dismissal is thus warranted for Plaintiff's claims raised under the Due Process Clause of the Fourteenth Amendment and New York State Education Law Section 3020-a. Plaintiff retired while DOE was still conducting its investigation into the allegations made against Plaintiff, but alleges that, nevertheless, a hearing pursuant to Section 3020-a was mandated. Yet, by retiring, Plaintiff prevented DOE from bringing disciplinary charges related to her conduct. Moreover, Plaintiff has no constitutionally protected property interest in a DOE security clearance. Finally, Plaintiff was not deprived of a constitutionally-protected liberty interest because DOE made no public statements about her, nor was she ever dismissed from DOE employment. She cannot, as a matter of law, establish any such claim.

- 5 -

For these reasons, as further explicated below, the complaint should be dismissed in its entirety.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[3]

### A. DOE's Investigation of Plaintiff's Conduct:

Plaintiff was employed by DOE as a tenured administrator in DOE's CPSE. See Compl. at ¶ 2, Exhibit A and Investigative Report at 1, Exhibit 3 of Exhibit A. Every school district has a CPSE that determines whether a child, ages three to five years old, requires special education intervention or services. See Investigative Report at 1. When a parent or education professional believes a child might benefit from special education, the school district- in this case, the CPSE - reviews referrals from parents and teachers, arranges for student evaluations, and reviews the results. Id. In consultation with the students' parents, the CPSE makes recommendations about the students' need for special education and whether the student needs an IEP. Id. An IEP is a federally-mandated document that outlines the individualized and specific educational program for a student with a disability. Id. A school district must annually review a student's IEP and arrange for a re-evaluation of the student at least once every three years. Id.

On October 13, 2011, OSI received a complaint concerning the inappropriate conduct of Plaintiff. Id. On November 4, 2011, OSI interviewed CPSE Executive Director, Jan McDonald. Id. at 3. McDonald informed OSI that Mother A had complained that she did not participate in an in-person meeting or telephonic conference call with Plaintiff regarding her four year old Student A's annual IEP review. Id. McDonald explained that on a form entitled

---

[3] DOE draws these facts from the complaint, from the DOE Letter attached to the complaint as Exhibit 1, and from the Investigative Report attached to the complaint as Exhibit 3, all attached to the Connolly Decl. as Ex. A. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) (court resolving motion to dismiss can consider: [1] documents that plaintiff attached to the pleadings; [2] documents to which plaintiff referred in the complaint; [3] matters of which judicial notice may be taken; [4] documents in plaintiff's possession; and [5] documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action). Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's allegations are assumed to be true for purposes of this motion to dismiss only.

- 6 -

"Authorization of the IEP-Change", Plaintiff indicated that she held a telephonic conference call

with Mother A and that Plaintiff had signed the form on behalf of Mother A. Id.

On November 22, 2011, OSI interviewed Mother A. Id. Mother A stated that

Student A's teachers recommended that her son be evaluated by CPSE. Id. In September 2010,

Student A received an IEP detailing the services that he would receive beginning that month. Id.

In November 2010, Student A's teachers recommended a re-evaluation of Student A's IEP

because they believed he needed additional services. Id. As a result, on November 2010, Mother

A requested that Student A be re-evaluated by CPSE. Id. After several attempts to contact CPSE

regarding her son's IEP, in April 2011, Mother A was informed that Plaintiff was assigned to

Student A's case. Id. Mother A repeatedly attempted to contact Plaintiff to request that Student A

be re-evaluated. Id.  However, Plaintiff did not respond to any of Mother A's phone calls or

letters. Id.

On July 5, 2011, Mother A received a new copy of Student A's IEP from

Plaintiff. Id.  Although the IEP indicated that Mother A participated in a telephone conference

with Plaintiff on June 28, 2011, Mother A insisted that no such conference was ever held. Id. at

4. Mother A further insisted that she had just changed jobs at that time and could not have been

reached by phone. Id. Furthermore, Mother A noted that the IEP was identical to the IEP that

was assigned to her son the prior year. Id. She was adamant that she would have never agreed to

keep the same IEP when she had been advocating for Student A to receive additional services.

Id. In September 2011, Mother A complained that the CPSE had never re-evaluated Student A's

IEP, despite the insistence of both herself and Student A's service providers. Id.

On November 29, 2011, OSI notified Plaintiff that she was the subject of this

investigation. Id. at 5. On December 16, 2011, OSI interviewed Plaintiff. Id. During the

interview, Plaintiff stated that she began working at CPSE in December 2010. Id. When

- 7 -

questioned, Plaintiff was very evasive and refused to explain her responsibilities and the referral process for preschool students. Id. Plaintiff did not recall handling Student A's case and was not familiar with Student A or Mother A. Id. When presented with a copy of Student A's IEP, Plaintiff acknowledged that she had filled it out and that it contained her signature, but could not recall any specifics, including the alleged teleconference call with Mother A. Id. When questioned about why Student A's service provider had not been present during the alleged June 28, 2011 teleconference call, since the name and signature of the service provider were left blank on Student A's IEP, Plaintiff stated that it is not unusual for a service provider to be absent during an IEP meeting. Id.

**B. Plaintiff's Retirement in July 2012:**

In July 2012, as the OSI investigation was still being conducted, Plaintiff retired from DOE. See Compl. at ¶ 31. Notably, Plaintiff was not terminated from employment and retired before any disciplinary charges were brought against her. Id.

**C. DOE's Investigative Conclusion dated August 14, 2012:**

On August 14, 2012, after Plaintiff had already retired from DOE, OSI issued an Investigative Report detailing its findings. See Investigative Report. Part 200 of New York State Regulations of the Commissioner of Education, Section 200.16, requires a CPSE employee to respond to a request for evaluation within ninety days. Id. at 1-4. Section 200.4(d)(4) of the New York State Regulations of the Commissioner of Education and Section 4410 of the New York State Education Law state that, "To the extent possible, any meeting of the [CPSE] shall be held at a site and time mutually convenient to the members of the [CPSE] and the parents of the preschool students . . ." Id. at 2.

After conducting its investigation, OSI substantiated the following allegations against Plaintiff:

1. Plaintiff falsely documented that Mother A had participated, via teleconference, in the annual review of Student A's IEP on June 28, 2011.
2. Plaintiff failed to contact Student A's service provider to schedule the IEP review and to ensure the service provider's presence during the annual IEP review on June 28, 2011.
3. Plaintiff failed to contact Mother A to schedule the IEP review and failed to ensure that Mother A could attend.
4. Plaintiff failed to follow the timelines under Section 200.16 of the New York State Regulations and Section 4410 of Education Law Article 89.
5. Plaintiff failed to respond to the requests from Mother A and the service provider to change Student A's IEP.

Id. at 6-7. Accordingly, OSI recommended that Plaintiff be placed on the Ineligible List and not be considered for future employment with DOE. Id.

### D. Plaintiff's Application With Manual Therapy Center dated April 23, 2015:

On April 23, 2015, approximately three years after retiring from DOE, Plaintiff was offered a position to work as an educator for Manual Therapy Center. See Compl. at ¶ 40. Since Manual Therapy Center is a DOE vendor and services DOE students, Manual Therapy Center is required to have all of their employees obtain DOE security clearance before starting work. Id. at ¶ 41.

Since Plaintiff had retired from the DOE with an open investigation, Plaintiff's security clearance was triggered for an investigation. See DOE letter, Exhibit 1 of Exhibit A. At the end of the investigation, DOE sent Plaintiff a letter informing her that she was denied for DOE security clearance. Id. The reason for the denial was due to Plaintiff's adverse employment history with DOE. Id. Specifically, DOE's letter states:

> While employed as an Educational Administrator for the DOE, you were subject of an OSI Report, dated 8/14/12. This report found that, in your position as a Committee on Preschool Special Education (CPSE) Administrator, you failed to follow the timelines under Section 200.16 of the NYS Regulations and Section 4410 of Education Law Article 89, you failed to respond to the request of both a parent and service provider to change a student's Individualized Education Plan (IEP), you failed to contact said student's mother and service provider to review and ensure that they could be in attendance during an IEP review, and you falsely documented that said mother had participated, via teleconference, in the annual review of her child's IEP.

- 9 -

> If granted security clearance, you will be working in a position where you will be responsible for both the management and implementation of various student IEP's. Your inability to properly carry out the duties and responsibilities of the position you held as a DOE employee causes grave concern when considering your ability to satisfactorily perform in the position you are seeking. Granting you security clearance would pose an unreasonable risk to the safety and welfare of the school community and to taxpayer interests.

Id. Plaintiff was advised that she could be considered for security clearance twelve months after the date of the DOE letter if she had a valid job offer. Id. Plaintiff received the DOE letter on July 28, 2015. See Compl. at ¶ 43.

On February 22, 2016, almost seven months after receiving the DOE letter informing her of the decision to deny her security clearance, Plaintiff commenced this action by filing a summons and complaint seeking redress of DOE's determination denying her application for a security clearance. See Compl. Plaintiff now asserts three causes of action against DOE: 1. violation of § 7803(3) of New York's Civil Practice Law and Rules; 2. violation of Plaintiff's Fourteenth Amendment Due Process rights; and 3. violation of § 3020-a of the New York Education Law. Id.

## ARGUMENT

## I.   APPLICABLE STANDARD

Plaintiff's complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. On a motion to dismiss made pursuant to this rule, the Court must "accept the material facts alleged in the complaint as true" and "draw [ ] all reasonable inferences from its allegations in favor of the plaintiff." Lee v. Sony BMG Music Entm't, Inc., 557 F. Supp. 2d 418, 423 (S.D.N.Y. 2008). However, to "survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quotations, citations and alterations omitted). The complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Thus, unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Id.

Moreover, the Court must only accept as true the allegations that contain factual matter, and need not accept as true the allegations that merely state legal conclusions. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Following Iqbal, supra, Courts have granted motions to dismiss where the plaintiff has pled her claim in a conclusory form, without sufficient supporting factual allegations. See, e.g., Thompson v. ABVI Goodwill Services, 2013 U.S. App. LEXIS 18680, at *3 (2d Cir. Sept. 9, 2013) ("we agree with the district court that several of [plaintiff's] factual allegations are conclusory, including [plaintiff's] allegations as to [an individual defendant's] motives in making certain comments"); Coleman v. BrokersXpress, LLC, 2010 U.S. App. LEXIS 8976, at **2-3 (2d Cir. Apr. 30, 2010) ("Our independent review of the record confirms that the district court properly dismissed the complaint, as [plaintiff] failed to allege facts sufficient to render plausible his conclusory allegations" of discrimination).

## II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE A FINAL ADMINISTRATIVE DETERMINATION MAY ONLY BE CHALLENGED BY COMMENCING AN ARTICLE 78 PROCEEDING IN NEW YORK STATE SUPREME COURT

### A. The Court Lacks Jurisdiction over Plaintiff's Article 78 Claim

In the instant matter, Plaintiff challenges DOE's final administrative determination denying her security clearance. However, Plaintiff's complaint should be dismissed because Plaintiff may only challenge such a final administrative determination by commencing an Article 78 proceeding in the New York State Supreme Court.

Accordingly, Plaintiff's Article 78 claim is improperly brought before this Court, and thus must be dismissed for lack of subject matter jurisdiction as "New York State has not empowered the federal courts to consider such claims." Blatch ex rel. Clay v. Hernandez, 360 F. Supp. 2d 595, 637 (S.D.N.Y. 2005). Such a conclusion is based on the specific language of section 7804 of the New York Civil Practice Law and Rules ("CPLR"). CPLR § 7804(b) states that "[a] proceeding under this article shall be brought in the supreme court in the county specified in subdivision (b) of section 506 except as that subdivision otherwise provides" (emphasis added). New York courts have consistently relied on this unequivocal language to dismiss proceedings that were not properly commenced. These courts have held that the Supreme Court has exclusive jurisdiction over Article 78 proceedings.  See Cartagena v. City of New York, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003). In Cartagena, the Court ruled that it lacked the power to exercise supplemental jurisdiction over Article 78 claims for this reason. Id.

Even assuming that a federal district court could properly exercise supplemental jurisdiction over an Article 78 claim, the court need not hear such claims. 28 U.S.C. § 1367(c) states that a court has discretion whether to entertain such claims and may decline to exercise supplemental jurisdiction if there are compelling reasons to do so. See Morningside Supermarket

Corp. v. New York State Dep't of Health, 432 F. Supp. 2d 334, 346 (S.D.N.Y. 2006). Section

1367(c) provides that the court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of
> State law, (2) the claim substantially predominates
> over the claim or claims over which the district
> court has original jurisdiction, (3) the district court
> has dismissed all claims over which it has original
> jurisdiction, or (4) in exceptional circumstances,
> there are other compelling reasons for declining
> jurisdiction.

Indeed, the federal courts have found that the unique nature of Article 78

proceedings provides a compelling reason to decline the exercise of supplemental jurisdiction:

> An Article 78 proceeding is a novel and special
> creation of state law, and differs markedly from the
> typical civil action brought in this Court in a
> number of ways. It is a 'special proceeding …
> designed to facilitate a summary disposition of the
> issues presented, … and has been described as a fast
> and cheap way to implement a right that is as
> plenary as an action, culminating in a judgment, but
> is brought on with the ease, speed and
> inexpensiveness of a mere motion.' Article 78
> proceedings were designed for the state courts, and
> are best suited to adjudication there."

Lucchese v. Carboni, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998). As such, "[b]ecause accepting

supplemental jurisdiction over such claims requires a federal court to 'usurp the statutory

authority bestowed upon the New York state courts, federal courts are loath to exercise

jurisdiction over Article 78 claims.'" Morningside, 432 F. Supp. 2d at 346. The Morningside

court further stated that it was aware of only two cases in which a federal court exercised

jurisdiction of over an Article 78 claim, and in each case the court acknowledged the existence of

exceptional circumstances. Id. at 347.

Plaintiff cannot demonstrate the existence of exceptional circumstances as there

are substantial considerations weighing against the exercise of supplemental jurisdiction.

Supplemental jurisdiction is rarely appropriate where the federal claims have been dismissed on a motion. See Valencia v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); Giordano v. City of New York, 274 F.3d 740, 754-755 (2d Cir. 2001); 24 Hour Fuel Oil Corp. v. Long Island Rail Road Co., 903 F. Supp. 393, 399 (E.D.N.Y. 1995). Because the remainder of Plaintiff's federal claims fail to state a cause of action, the Court should decline to exercise supplemental jurisdiction over Plaintiff's Article 78 claim. Accordingly, Plaintiff's Article 78 claims should be dismissed based on lack of subject matter jurisdiction.

## B. Plaintiff's Article 78 Claims are Time-Barred

As articulated above, an Article 78 proceeding must be brought in state court. As well, such a proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." CPLR § 217(1); see also Matter of DeMilio v. Borgard, 55 N.Y.2d 216, 219 (1982). An administrative determination is considered final and binding, for the purposes of determining the commencement of the limitations period, when the petitioner has received notice of the determination and is aggrieved by it. See Matter of Lubin v. Board of Educ., 60 N.Y.2d 974, 976 (1983), cert denied, 569 U.S. 823 (1983); see also Matter of Mascolo v. Hirst, 303 A.D.2d 316, 316 (1st Dep't 2003). Notwithstanding the jurisdictional impediment, dismissal further is warranted because this Article 78 claim is untimely.

Plaintiff concedes that she received notice of the DOE's final determination, denying her application for a security clearance, on July 28, 2015. See Compl. at ¶ 43. Plaintiff therefore had until November 28, 2015, to commence an Article 78 proceeding challenging the determination denying her application. However, she did not commence the instant proceeding until she filed a summons and complaint on February 22, 2016, almost seventh months after she received notice of DOE's decision. See id. Therefore, even if this Court could decide them,

Plaintiff's Article 78 claims still must be dismissed because she failed to timely challenge the determination that her security clearance be denied within the applicable four-month statute of limitations prescribed in CPLR § 217(1); see also CPLR article 78.

### III. PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION, ALLEGING VIOLATION OF HER DUE PROCESS RIGHTS AND VIOLATION OF SECTION 3020-A OF THE NEW YORK EDUCATION LAW, SHOULD BE DISMISSED BASED ON HER FAILURE TO PLEAD A PRIMA FACIE CASE

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." To establish a violation of due process, a plaintiff must (1) identify a constitutionally protected interest of which she was deprived by state action; and (2) show that she did not receive the process that was constitutionally due. See Zinermon v. Burch, 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990) ("[T]he deprivation by state action of a constitutionally protected interest . . . is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law.") (emphasis in original).

#### A. Plaintiff's Rights Under the Due Process Clause of the Fourteenth Amendment and New York State Education Law Section 3020-A Were Not Violated When She Was Placed on the Ineligible List Without a Disciplinary Hearing, Because Her Retirement Deprived DOE of the Opportunity to Comply With Procedural Obligations and Foreclosed Plaintiff From Seeking the Protections of Her Previous Rights as an Employee

In the context of an adverse employment claim, where the alleged illegality is the employer's failure to afford the employee legally required procedural protections, and the employee voluntarily resigns before being discharged, the resignation effectively deprives the employer of the opportunity to comply with the procedural obligations and forecloses the employee from seeking the protections of her previous rights as an employee. Finley v. Giacobbe, 79 F.3d 1285 (2d Cir. 1996); Trachtenberg v. Dep't of Educ., 937 F. Supp. 2d 460 (S.D.N.Y. 2013); Mcgann v. City of New York, 2013 U.S. Dist. LEXIS 43541. Due process

guarantees that before the state may deprive an individual of life, liberty or property, he or she will be provided with procedural protections appropriate to the particular circumstances. Williams v. H.N.S. Mgmt. Co., 56 F. Supp. 2d 515 (D. Conn., June 28, 1999). However, an employee's voluntary resignation effectively deprives the employer of the opportunity to comply with such procedural obligations and forecloses the employee from seeking the protections of his rights as an employee. Id.

Here, Plaintiff's first cause of action alleges that the "placement of [Plaintiff] on the [DOE's] 'Ineligible List' has deprived Richardson of due process of law." See Compl. at ¶ 53. Similarly, in Plaintiff's second cause of action, she alleges that the "failure to afford [Plaintiff] a hearing before an impartial hearing officer and to provide [Plaintiff] with a notice and opportunity to be heard with respect to any allegations regarding her conduct, violated Education Law § 3020-a." Id. ¶ 61.

However, by retiring her position while DOE conducted its investigation into the allegations made against Plaintiff, Plaintiff deprived DOE of the opportunity to conduct a disciplinary hearing and foreclosed Plaintiff from seeking the protections of her previous rights as an employee, specifically the rights formerly afforded to her under Section 3020-a of the New York Education Law. Section 3020-a of the New York Education Law has no bearing on the instant matter because Plaintiff was no longer a DOE employee at the time OSI substantiated the allegations against her nor were 3020-a charges ever filed against Plaintiff. Moreover, to the extent Plaintiff believes she was entitled to a 3020-a hearing, she should have timely commenced an Article 78 proceeding – a meaningful and adequate state law remedy – in New York State Supreme Court requesting said relief.  See Giglio v. Dunn, 732 F.2d 1133 (2d Cir. 1984). Through an Article 78 proceeding, plaintiff could have, but did not, challenge various determinations, including the denial of security clearance as well as assert that a hearing should

have been held pursuant to Education Law § 3020-a, notwithstanding her non-employee status. See Giglio, 732 F.2d at 1135 ("Where, as here, Article 78 gave the employee a meaningful opportunity to challenge the voluntariness of his resignation, he was not deprived of due process simply because he failed to avail himself of the opportunity."). Accordingly, Plaintiff's first and second causes of action, respectively alleging violation of her due process rights and violation of her rights under New York State Education Law § 3020-a, should be dismissed.

**B. Plaintiff Does Not Have a Property Interest in a DOE Security Clearance**

In order to establish a Due Process claim based on the deprivation of a constitutionally protected interest, Plaintiff must show that she has a property interest, created by state law, in the employment or the benefit that was removed. Bernheim v. Litt, 79 F.3d 318, 322 (2d Cir. 1996). "[T]here is no constitutionally protected property interest in prospective government employment," and a job applicant therefore has no property interest in the position for which she applies. Abramson v. Pataki, 278 F.3d 93, 100 (2d Cir. 2002); see also Board of Regents v. Roth, 408 U.S. 564 (1972) (unilateral expectation of re-appointment to teaching position does not create property interest); McMenemy v. City of Rochester, 241 F.3d 279, 288 (2d Cir. 2001) (plaintiff "had no property interest in fair consideration for [a] promotion."); MacFarlane v. Grasso, 696 F.2d 217, 221-22 (2d Cir. 1982) (applicant for a job has no property interest in the job). A person who voluntarily resigns from a position may not, in most cases, then be heard to express a property interest in it. Thorsen v. County of Nassau, 294 F. Supp. 2d 371 (E.D.N.Y. 2003). Here, Plaintiff's unilateral expectation that she would regain a teaching position or that her application for a security clearance would be granted does not create a property interest. As such, she cannot use the denial of a DOE security clearance as the basis for her due process claim.

### C. Plaintiff's Complaint Does Not Establish the Deprivation of a Constitutionally-Protected Liberty Interest

A plaintiff establishes the deprivation of a constitutionally-protected liberty interest by proving that (1) the government made stigmatizing statements about the plaintiff that call into question her good name, reputation, honor, or integrity; (2) these stigmatizing statements were made public; and (3) the stigmatizing statements were made concurrently with, or in close temporal proximity to, the plaintiff's dismissal from government employment. Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006).

Here, in Plaintiff's first cause of action, she alleges, "In continuing to disqualify [Plaintiff] from employment with the [DOE] and/or any contractor who contracts with the [DOE], the [DOE has] injured [Plaintiff's] good name and reputation and [has] foreclosed her from practicing her profession without due process and/or the ability to contest the allegations arising from the 'investigation' of [Plaintiff]." See Compl. at ¶ 54. However, Plaintiff's pleadings fail to establish the deprivation of a constitutionally-protected liberty because they do not allege that DOE made stigmatizing statements to the public. The only statements that Plaintiff alleges that were ever made about her were in the OSI Investigative Report and the DOE Letter denying her security clearance. See Compl., Investigative Report, and DOE Letter. Notably, neither of these documents was made available to the public. Id. The Investigative Report was an internal DOE document that was sent from OSI Confidential Investigator, Myriam Berardino, to OSI Director, Candace McLaren. See Investigative Report. Plaintiff does not allege that the Investigative Report was ever released to the public. See Compl. Similarly, the DOE Letter was sent directly from DOE to Plaintiff, and Plaintiff, once again, does not allege that the DOE Letter was ever released to the public. See DOE Letter. Accordingly, Plaintiff fails to establish that DOE made any public statements about her.

- 18 -

Moreover, Plaintiff's pleadings do not allege that these statements were made in close temporal proximity to her dismissal from government employment. See Compl. In fact, Plaintiff readily admits that she voluntarily retired from government employment and was never dismissed. Id. at ¶ 31. As Plaintiff has not established that DOE made any public statements about her or that she was dismissed from DOE employment, she has failed to establish the deprivation of a constitutionally protected liberty interest. Accordingly, Plaintiff's due process claims should be dismissed.

## IV.    THE CITY OF NEW YORK IS NOT A PROPER PARTY TO THIS ACTION

Pursuant to Education Law § 2590-g(2), DOE – and not the City – was Plaintiff's employer. Accordingly, and notwithstanding the grounds for the dismissal of this action in its entirety, all claims against the City must be dismissed.  The Education Law provides:

> The board shall have the power and duty to:
>
> 2. for all purposes, be the government or public employer of all persons appointed or assigned by the city board or the community districts . . ..

NY EDUC. LAW § 2590-g(2). The City and DOE are separate legal entities; as such, the City of New York is not proper party to this matter.  It is well settled that "The Board of Education is not a department of the city of New York." Ragsdale v. Board of Education, 282 N.Y. 323 (1940) (citing to Divisich v. Marshall, 281 N. Y. 170, 173 (1939)). Both the First and Second Departments of the Appellate Division have dismissed claims as against the City of New York where the City and the Board were both named, in part, because the City and the Board are separate legal entities and as such the City is, generally, not a proper party to an action against the Board.  See Campbell v. City of New York, 203 A.D.2d 504 (2d Dep't 1994); see also Goldman v. City of New York, 287 A.D.2d 689 (2d Dep't 2001) (upholding grant of summary judgment where plaintiff named only the City of New York as a defendant in a suit where the

proper party would have been the Board of Education and denying motion to amend the pleadings because the statute of limitations had run); Perez v. City of New York, 41 A.D.3d 378, 379 (1st Dep't 2007), appeal denied, 10 N.Y.3d 708 (2008) (the City and the Board remain separate legal entities even after 2002 amendments to the Education Law providing for greater mayoral control and significantly limiting the power of the Board of Education).

In this action, the complaint must be dismissed as against the City of New York because, as provided for in the Education Law, the City was not Plaintiff's employer.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court issue an order

granting their motion to dismiss the complaint in its entirety together with such other and further

relief as this Court deems just and proper.

Dated: New York, New York
     May 19, 2016

           Respectfully Submitted,

           **ZACHARY W. CARTER**
           Corporation Counsel of the City of New York
           *Attorney for Defendants*
           100 Church Street, Room 2-143
           New York, New York 10007
           (212) 356-1180
           kconnoll@law.nyc.gov

        By:    /s/
              Kevin P. Connolly
              Assistant Corporation Counsel