16-CV-01364(JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSEMARIE RICHARDSON,

                              Plaintiff,

- against -

CARMEN FARINA, KATHERINE G. RODI, CANDACE MCLAREN, MIRIAM M. BERARDINO, ANNA STEEL, THE NEW YORK CITY DEPARTMENT OF EDUCATION, THE NEW YORK CITY BOARD OF EDUCATION, and THE CITY OF NEW YORK,

                              Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF EDUCATION, AND THE NEW YORK CITY BOARD OF EDUCATION'S MOTION TO DISMISS THE COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants The City of New York,*
*The New York City Department of Education,*
*and the New York City Board of Education*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kevin Connolly*
*Tel: (212) 356-1180*

<u>**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF EDUCATION, AND THE NEW YORK CITY BOARD OF EDUCATION'S (COLLECTIVELY "DOE") MOTION TO DISMISS THE COMPLAINT[1]**</u>

I. **PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION, ALLEGING VIOLATION OF HER DUE PROCESS RIGHTS AND VIOLATION OF SECTION 3020-A OF THE NEW YORK EDUCATION LAW, SHOULD BE DISMISSED BASED ON HER FAILURE TO PLEAD A PRIMA FACIE CASE**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." To establish a violation of due process, a plaintiff must (1) identify a constitutionally protected interest of which she was deprived by state action; and (2) show that she did not receive the process that was constitutionally due. See Zinermon v. Burch, 494 U.S. 113, 125 ("[T]he deprivation by state action of a constitutionally protected interest . . . is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.") (emphasis in original).

A. **Plaintiff's Rights Under the Due Process Clause of the Fourteenth Amendment and New York State Education Law Section 3020-A Were Not Violated When She Was Placed on the Ineligible List Without a Disciplinary Hearing, Because Her Retirement Deprived DOE of the Opportunity to Comply With Procedural Obligations and Foreclosed Plaintiff From Seeking the Protections of Her Previous Rights as an Employee**

In her Affirmation in Opposition to DOE's motion to dismiss the Complaint, Plaintiff continuously relies upon case law that is inapplicable to the instant matter. Plaintiff relies upon cases such as Locurto v. Safir, 264 F.3d 1285 (2d Cir. 2001), Otero v. Bridgeport Housing Auth., 297 F.3d 142 (2d Cir. 2002), Todaro v. Norat, 112 F.3d 598 (2d Cir. 1997), and

---

[1] No appearance is made on behalf of defendants Carmen Farina, Katherine G. Rodi, Candace McLaren, Miriam M. Berardino, and Anna Steel (collectively "Individual Defendants") at this time. Contrary to what is stated in the Declaration of Allen Kohn, the Individual Defendants have not been properly served with the Summons and Complaint.

Leonardi v. Bd. of Fire Comm'rs of Mastic Beach Fire Dist., 643 F.Supp 610 (E.D.N.Y. 1986), where the Courts were presented with a completely different issue than what is presented to the Court in the instant matter. Notably, in each of these cases, the plaintiff was **terminated** from his job without being afforded a due process hearing. By contrast, in the instant matter, Plaintiff deprived DOE of the opportunity to conduct a disciplinary hearing by **resigning/retiring** from her position as DOE was conducting its investigation into the allegations made against her.

The Courts have regularly held that in the context of an adverse employment claim, where the alleged illegality is the employer's failure to afford the employee legally required procedural protections, and the employee voluntarily resigns before being discharged, the resignation effectively deprives the employer of the opportunity to comply with the procedural obligations and forecloses the employee from seeking the protections of her previous rights as an employee. Finley v. Giacobbe, 79 F.3d 1285 (2d Cir. 1996); Trachtenberg v. Dep't of Educ., 937 F. Supp. 2d 460 (S.D.N.Y. 2013); Mcgann v. City of New York, 2013 U.S. Dist. LEXIS 43541, 12 Civ. 5746 (PAE) (S.D.N.Y.). Due process guarantees that before the state may deprive an individual of life, liberty or property, he or she will be provided with procedural protections appropriate to the particular circumstances. Williams v. H.N.S. Mgmt. Co., 56 F. Supp. 2d 515 (D. Conn., June 28, 1999) (emphasis added). However, an employee's voluntary resignation effectively deprives the employer of the opportunity to comply with such procedural obligations and forecloses the employee from seeking the protections of his rights as an employee. Id.

Plaintiff's opposition to DOE's motion to dismiss fails to offer a single case that addresses a similar factual scenario as presented in the instant matter, where the plaintiff resigned before a disciplinary hearing was held. Instead, Plaintiff makes a hollow attempt to

2

oppose DOE's motion by arguing that the cases presented in support of DOE's motion are "plainly inapposite" to the instant matter. For instance, Plaintiff argues reliance on the Second Circuit's decision in Finley, 79 F.3d 1285, is misplaced because it involved a probationary employee and not a tenured employee. However, the plaintiff's probationary status had no bearing on the Second Circuit's analysis of this issue in Finley. When addressing this issue the Second Circuit ruled:

> Dr. Finley's seventh cause of action asserts that the defendants deprived her of procedural due process in violation of § 1983 by terminating her without a hearing and without stating reasons for her dismissal. However, Dr. Finley cannot complain of procedural defects and omissions, because she resigned before her employer took all the steps necessary to fire her. An employee who resigns in anticipation of a discharge motivated by illegal reasons, such as discrimination or absence of cause, may encounter no such bar, but we need not decide such a case because it is not before us. *Cf.* Molinar v. Western Elec. Co., 525 F.2d 521, 530 (1st Cir. 1975) (applying New York law) (noting that resignation might be legally ineffective where pending discharge was motivated by bad faith). That said, where the alleged illegality is the employer's failure to afford the employee legally required procedural protections, and the employee voluntarily resigns before being discharged, the resignation effectively deprives the employer of the opportunity to comply with the procedural obligations and forecloses the employee from "seeking the protections of her previous rights as an employee." Girard v. Board of Educ., 168 A.D.2d 183, 186, 572 N.Y.S.2d 185, 187 (4th Dep't 1991).
>
> Assuming, *arguendo*, that Dr. Finley was entitled to a hearing and to a statement of reasons for discharge, her resignation makes it impossible for her to demonstrate that she would not have received them prior to her actual firing. Before terminating her, Giacobbe might well have consulted counsel and been advised that she should be given reasons and afforded a hearing. Dr. Finley short-circuited the process by tendering her resignation. Once she did so and was no longer an employee, the Hospital had neither authority nor reason to conduct a hearing on her discharge and had no further occasion to state its reasons for doing so. Indeed, the Hospital lost its ability to discharge her. Her claim that she was not given procedural rights to which she was entitled accordingly must fail. See Biegel v. Board of Educ., 211 A.D.2d 969, 621 N.Y.S.2d

3

709, 710 (3d Dep't 1995).

Id. at 1296. Notably, in Finley, the Second Circuit made no mention of the plaintiff's probationary status when addressing his procedural due process claim because it was irrelevant. Here, like Finley, Plaintiff's resignation makes it impossible for her to demonstrate that she would not have received a disciplinary hearing upon the conclusion of DOE's investigation. Once Plaintiff retired, and was no longer an employee, DOE had neither authority nor reason to conduct a hearing.

Moreover, in its analysis of this issue in Finley, the Second Circuit cited the New York State Appellate Division, Fourth Department's decision in Girard, 168 A.D.2d. In Girard, the petitioner, **a retired/resigned tenured school employee,** sought to annul the school district's decision to abolish her former position as Assistant Superintendent. See Id. The Fourth Department ruled that the lower court properly dismissed the Article 78 proceeding as moot by reason of the petitioner's resignation and retirement. Id. The Fourth Department stated, "When petitioner's resignation was accepted by respondent, the employment relationship that existed between petitioner and respondent terminated. . . following respondent's acceptance of petitioner's resignation, petitioner no longer possessed any reemployment rights against respondent." Id. Moreover, the Court ruled that the petitioner's retirement resulted in both her waiver of any right to future employment and her forfeiture of her tenure rights:

> In Matter of Cannon v Ulster County Bd. of Coop. Educ. Servs. 155 AD2d 846, 847 (3d Dept. 1989), the Third Department determined that, by allowing an application for retirement benefits to become effective, an individual waived any right to future employment, stating: "Petitioner's voluntary and deliberate act in allowing his retirement application to become effective constitutes clear and convincing evidence that he intended to relinquish his position and forfeit his tenure rights.

Id. As clearly set forth in Girard, Plaintiff's retirement resulted in the termination of the

4

employment relationship, the termination of any reemployment rights against the DOE, the waiver of any right to future employment, and the forfeiture of her tenure rights.

Plaintiff likewise attempts to argue that Trachtenberg, 937 F. Supp. 2d, is "plainly inapposite" to the instant matter, but fails to acknowledge that the plaintiff in Trachtenberg was also a retired formerly tenured DOE teacher. Id. In Trachtenberg, the Court ruled,

> If Trachtenberg had not retired, and proceedings had not commenced, then there would be no adverse consequence on which to base her claim; she cannot manufacture an adverse employment action by retiring and claiming that removal proceedings were a fait accompli. Cf. Finley v. Giacobbe, 79 F.3d 1285, 1296 (2d Cir. 1996) ("[W]here the alleged illegality is the employer's failure to afford the employee legally required procedural protections, and the employee voluntarily resigns before being discharged, the resignation effectively deprives the employer of the opportunity to comply with the procedural obligations and forecloses the employee from seeking the protections of her previous rights as an employee.").

Id. at 470. Accordingly, by retiring from her position while DOE conducted its investigation into the allegations made against Plaintiff, Plaintiff deprived DOE of the opportunity to conduct a disciplinary hearing and foreclosed Plaintiff from seeking the protections of her previous rights as an employee, specifically, the rights formerly afforded to her under Section 3020-a of the New York Education Law.

Moreover, Section 3020-a of the New York Education Law has no bearing on the instant matter because Plaintiff was no longer a DOE employee at the time OSI substantiated the allegations against her, nor were 3020-a charges ever filed against Plaintiff. And, even if Plaintiff believed she was entitled to a 3020-a hearing, she should have timely commenced an Article 78 proceeding – a meaningful and adequate state law remedy – in New York State Supreme Court requesting said relief. See Giglio v. Dunn, 732 F.2d 1133 (2d Cir. 1984). Through an Article 78 proceeding, plaintiff could have challenged, but did not, various

5

determinations, including the denial of her security clearance, as well as assert her claim that a hearing should have been held pursuant to Education Law § 3020-a. See Giglio, 732 F.2d at 1135 ("Where, as here, Article 78 gave the employee a meaningful opportunity to challenge the voluntariness of his resignation, he was not deprived of due process simply because he failed to avail himself of the opportunity."). Accordingly, Plaintiff's first and second causes of action, respectively alleging violation of her due process rights and violation of her rights under New York State Education Law § 3020-a, should be dismissed.

### B. Plaintiff Does Not Have a Property Interest in a DOE Security Clearance

In order to establish a Due Process claim based on the deprivation of a constitutionally protected interest, Plaintiff must show that she has a property interest, created by state law, in the employment or the benefit that was removed. Bernheim v. Litt, 79 F.3d 318, 322 (2d Cir. 1996). "[T]here is no constitutionally protected property interest in prospective government employment," and a job applicant therefore has no property interest in the position for which she applies. Abramson v. Pataki, 278 F.3d 93, 100 (2d Cir. 2002); see also Board of Regents v. Roth, 408 U.S. 564 (1972) (unilateral expectation of re-appointment to teaching position does not create property interest); McMenemy v. City of Rochester, 241 F.3d 279, 288 (2d Cir. 2001) (plaintiff "had no property interest in fair consideration for [a] promotion."); MacFarlane v. Grasso, 696 F.2d 217, 221-22 (2d Cir. 1982) (applicant for a job has no property interest in the job). A person who voluntarily resigns from a position may not, in most cases, then be heard to express a property interest in it. Thorsen v. County of Nassau, 294 F. Supp. 2d 371 (E.D.N.Y. 2003).

In her opposition to DOE's motion, Plaintiff makes no attempt to argue that she has a property interest in a DOE security clearance or to explain how any of the aforementioned

6

cases are inapplicable. Plaintiff's unilateral expectation that she would regain a teaching position or that her application for a security clearance would be granted does not create a property interest. As such, she cannot use the denial of a DOE security clearance as the basis for her due process claim.

### C. Plaintiff's Complaint Does Not Establish the Deprivation of a Constitutionally-Protected Liberty Interest

A plaintiff establishes the deprivation of a constitutionally-protected liberty interest by proving that (1) the government made stigmatizing statements about the plaintiff that call into question her good name, reputation, honor, or integrity; (2) these stigmatizing statements were made public; and (3) the stigmatizing statements were made concurrently with, or in close temporal proximity to, the plaintiff's dismissal from government employment. Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006).

Here, Plaintiff argues that the internal OSI Investigative Report which explained the basis for DOE's decision to place her on the "ineligible list," was sufficiently public to create a stigma for purposes of establishing the deprivation of a constitutionally-protected liberty interest. Notably, Plaintiff does not allege that the Investigative Report was ever made available to the public. See Compl. and Investigative Report. The Investigative Report was an internal DOE document that was sent from OSI Confidential Investigator, Myriam Berardino, to OSI Director, Candace McLaren. See Investigative Report. Accordingly, DOE's reasons for placing Plaintiff on the "ineligible list" have remained confidential and Plaintiff has failed to state a liberty interest claim.

In McPherson v. Dep't of Educ., 457 F.3d 211, 216-217 (2d. Cir. 2006), the Second Circuit dismissed the plaintiff's liberty interest claims because the DOE's reasons for placing the plaintiff on the "ineligible list" were confidential. As the "ineligible list" did not give

reasons for the plaintiff's ineligibility, the Second Circuit found that there was no publication of stigmatizing information and no deprivation of a due process clause liberty interest. Id. Similarly, in Koehler v. City of New York, No. 04-CV-6929 (RMB), 2005 WL 3502042, at *3 (S.D.N.Y. Dec 20, 2005), the Court found that placing a plaintiff's name on DOE's "ineligible list" and noting the disciplinary charges in her personnel file, were not sufficiently public to create a stigma.

In the instant matter, Plaintiff does not allege that the Investigative Report, or any of the reasoning behind DOE's decision to place her on the "ineligible list," were made public. Accordingly, Plaintiff has failed to establish the deprivation of a Constitutionally-protected liberty interest.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE A FINAL ADMINISTRATIVE DETERMINATION MAY ONLY BE CHALLENGED BY COMMENCING AN ARTICLE 78 PROCEEDING IN NEW YORK STATE SUPREME COURT

### A. The Court Lacks Jurisdiction over Plaintiff's Article 78 Claim

In the instant matter, Plaintiff challenges DOE's final administrative determination denying her security clearance. However, Plaintiff's complaint should be dismissed because Plaintiff may only challenge such a final administrative determination by commencing an Article 78 proceeding in the New York State Supreme Court. As set forth in DOE's underlying Memorandum of Law in Support of its Motion to Dismiss, the Courts have held that the New York State Supreme Court has exclusive jurisdiction over Article 78 claims and New York State has not empowered federal court to consider such claims. Blatch ex rel. Clay v. Hernandez, 360 F. Supp. 2d 595, 637 (S.D.N.Y. 2005) and Cartagena v. City of New York, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003). Moreover, federal courts have regularly declined to exercise supplemental jurisdiction over Article 78 claims and recognized that the unique nature of Article 78

proceedings provides a compelling reason to decline the exercise of supplemental jurisdiction. See Morningside Supermarket Corp. v. New York State Dep't of Health, 432 F. Supp. 2d 334, 346 (S.D.N.Y. 2006) and Lucchese v. Carboni, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998). Accordingly, Plaintiff's Article 78 claim should be dismissed based on lack of subject matter jurisdiction.

### B. Plaintiff's Article 78 Claims are Time-Barred

An Article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." CPLR § 217(1); see also Matter of DeMilio v. Borgard, 55 N.Y.2d 216, 219 (1982). An administrative determination is considered final and binding, for the purposes of determining the commencement of the limitations period, when the petitioner has received notice of the determination and is aggrieved by it. See Matter of Lubin v. Board of Educ., 60 N.Y.2d 974, 976 (1983), cert denied, 569 U.S. 823 (1983); see also Matter of Mascolo v. Hirst, 303 A.D.2d 316, 316 (1st Dep't 2003). It is undisputed that Plaintiff received notice of DOE's determination denying her security clearance, via letter, on July 28, 2015. See Compl. at ¶ 43. It is also undisputed that Plaintiff felt that she was aggrieved by this determination, of which she received notice on July 28, 2015. Id. Accordingly, DOE's determination should be considered final and binding as of that date. Plaintiff therefore had until November 28, 2015, to commence an Article 78 proceeding challenging the determination denying her application. However, she did not commence the instant proceeding until she filed a summons and complaint on February 22, 2016, almost seven months after she received notice of DOE's decision. See id. Therefore, her Article 78 claims are time-barred.

9

### III. THE CITY OF NEW YORK IS NOT A PROPER PARTY TO THIS ACTION

Plaintiff has consented to the dismissal of the City of New York in this matter. See Plaintiff's Memorandum of Law in Opposition at 1.

### CONCLUSION

For the foregoing reasons, DOE respectfully requests that the Court issue an order granting their motion to dismiss the complaint in its entirety together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 22, 2016

Respectfully Submitted,

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants The City of New York, The New York City Department of Education, and the New York City Board of Education*
100 Church Street, Room 2-143
New York, New York 10007
(212) 356-1180
kconnoll@law.nyc.gov

By: /s/ _____
Kevin P. Connolly
Assistant Corporation Counsel

10