```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  ROSEMARIE RICHARDSON,                                     :
                                                            :
                                Plaintiff,                  :
                                                            :     16-CV-1364 (JPO)
                    -v-                                     :
                                                            :     OPINION AND ORDER
  CARMEN FARINA, et al.,                                    :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Plaintiff Rosemarie Richardson filed the complaint in this action on February 22, 2016, against Defendants Carmen Farina, Katherine G. Rodi, Candace R. McLaren, Miriam M. Berardino, Anna Steel, the New York City Department of Education ("DOE"), the New York City Board of Education ("BOE") and the City of New York.  (Dkt. No. 1 ("Compl.").) Richardson alleges that Defendants, her former employers, subjected her to disciplinary proceedings that violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution and New York law.  Defendants DOE, BOE, and the City of New York (the "City Defendants") move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the motion is granted.

**I.      Background**

The following facts are taken from the complaint and the documents attached thereto and are presumed true for the purposes of this motion.

Richardson was employed by the DOE as a tenured administrator in the DOE's Committee on Preschool Education ("CPSE"), until her retirement in 2012.  (Compl. ¶¶ 2, 31; *id.* Ex. 3.)  Richardson's responsibilities as a CPSE administrator included consulting with the

1

parents of students with special needs to make recommendations for special education and an individualized education program ("IEP"), and annually reviewing existing IEPs. (*Id.* Ex. 3 at 2 n.3.)

In 2011, the mother of one of Richardson's special needs students made a complaint against Richardson, claiming that Richardson repeatedly failed to respond to her requests to change her son's IEP, in violation of timelines imposed by New York law. (*Id.* at 4.) Several months later, the mother received a new IEP, which stated that Richardson and the mother had participated in a telephone conference regarding the new IEP; however, the mother claims that no such conference ever occurred. (*Id.* at 2.)

The DOE's Office of Special Investigations ("OSI") opened an investigation into Richardson's alleged misconduct—including the failure to follow mandated timelines, the failure to respond to the mother's requests, and the allegedly false documentation of the mother's participation in the IEP review. (Compl. ¶ 19; *id.* Ex. 1 at 1.) On December 16, 2011, Richardson was interviewed by an OSI investigator; the investigator informed Richardson of the charges against her, which Richardson denied. (Compl. ¶¶ 22-27.)

Richardson retired from the DOE in July of 2012. (*Id.* ¶ 31.)

In August of 2012, Defendant Berardino, an OSI investigator, recommended that the allegations against Richardson be "substantiated" and that she be placed on the "Ineligible List" and not considered for future employment with the DOE. (*Id.* ¶¶ 6, 34-35.) Defendant McLaren, Director of the OSI, approved Berardino's recommendation. (*Id.* ¶¶ 5, 36.)

In April of 2015, Richardson applied for an educational position with Manual Therapy Center, Inc. (*Id.* ¶ 40.) As part of the application process, her name was submitted for security clearance with the DOE, and her security clearance was denied, as she had been placed on the

Ineligible List.  (*Id.* ¶¶ 41-42.)  Richardson claims that she had never received any notice of her placement on the Ineligible List.  (*Id.* ¶¶ 38, 44.)

Richardson brings this action claiming that her placement on the Ineligible List amounts to a deprivation of due process of law.  (*Id.* ¶ 53.)  She also alleges violations of Section 3020-a of the New York Education Law, which she claims requires notice and a hearing, and Section 7803(3) of New York's Civil Practice Law and Rules.  (*Id.* ¶¶ 57-65.)

## II.     Legal Standard

In order for a plaintiff to survive a Rule 12(b)(6) motion to dismiss, she must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering this motion, the Court must accept as true all "factual allegations contained in the complaint," *Twombly*, 550 U.S. at 572, and draw "all inferences in the light most favorable to the non-moving party," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.).

## III.    Discussion

Defendants[1] first argue that all claims against the City of New York should be dismissed, as the City is not properly a party to this action.  They next argue that Richardson fails to state a due process claim because she has failed to allege the deprivation of a protected interest and because her retirement foreclosed her from seeking protections due to employees.  Defendants

---

[1] Only the City Defendants have moved to dismiss; the Individual Defendants (Farina, Rodi, McLaren, Berardino, and Steel) have not.  (Dkt. No. 16 at 3 n.1.)

also argue that Richardson's Article 78 claim should be dismissed, as federal courts do not have jurisdiction over such claims, and because it is untimely.

### A.     City of New York

As a threshold matter, all claims against Defendant City of New York must be dismissed. Defendants argue that the City of New York is not properly a party to this case.  (Dkt. No. 16 at 19-20.)  Richardson "agrees and therefore consents to the dismissal of the City as a defendant in this matter."  (Dkt. No. 21 at 1 n.1.)

### B.     Due Process

"A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process."  *Guttilla v. City of N.Y.*, No. 14 Civ. 156, 2015 WL 437405, at *7 (S.D.N.Y. Feb. 3, 2015) (quoting *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012)).

Defendants argue that Richardson fails to state a due process claim because she fails to allege a protected liberty or property interest and because she retired during the pendency of the investigation against her, thereby diminishing the procedural protections due to her.

#### 1.     Protected Interest

Defendants argue that Richardson lacks a property interest in a DOE security clearance and also that she has not been deprived of a constitutionally protected liberty interest.

As regards Richardson's alleged property interest, "there is no constitutionally protected property interest in prospective government employment."  *See Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002).  Richardson thus cannot allege a deprivation of property resulting from her placement on the Ineligible List.  And indeed Richardson does not appear to contest Defendants' argument that she lacks a property interest in her security clearance.  The cases cited

by Richardson in which a property interest was found arose only in the context of termination of existing employment, not the denial of future employment. *See, e.g.*, *Locurto v. Safir*, 264 F.3d 154 (2d Cir. 2001); *Otero v. Bridgeport Housing Auth.*, 297 F.3d 142, 151 (2d Cir. 2002).

As regards the deprivation of a liberty interest, Richardson does not adequately allege a "stigma plus" due process violation. *See, e.g.*, *Behrend v. Klein*, No. 04 Civ. 5413, 2006 WL 2729257, at *7 (E.D.N.Y. Sept. 25, 2006). A stigma-plus claim requires a plaintiff to show (1) a stigmatizing statement that "effectively put[s] a significant roadblock in that employee's continued ability to practice his or her profession," *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 631 (2d Cir. 1996); (2) public dissemination of that statement; and (3) that any stigmatizing statements were made in close temporal proximity to the plaintiff's dismissal from government employment. *See Segal v. City of N.Y.*, 459 F.3d 207, 212 (2d Cir. 2006).

Here, Richardson has failed to carry her burden at this stage, as she has not adequately alleged that any potentially stigmatizing description of her conduct was disseminated publicly. She only claims that her security clearance was denied, not that her prospective employer was ever informed of the nature of the charges against her. (Compl. ¶¶ 40-43.) She nowhere alleges that the report of the investigation was made public, or that the DOE's denial of her security clearance entailed the disclosure of the reasons for the denial. *See McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 216-17 (2d Cir. 2006) (affirming dismissal of a stigma-plus claim where "the reasons for placement on the 'Ineligible/Inquiry List' remain confidential, and Plaintiff has provided no evidence suggesting otherwise").

Accordingly, Richardson's due process claim must be dismissed.

5

## 2. Richardson's Retirement

Defendants additionally argue that Richardson's claim fails because her retirement diminished her procedural rights.  "[W]here the alleged illegality is the employer's failure to afford the employee legally required procedural protections, and the employee voluntarily resigns before being discharged, the resignation effectively deprives the employer of the opportunity to comply with the procedural obligations and forecloses the employee from 'seek[ing] the protections of her previous rights as an employee.'"  *Finley v. Giacobbe*, 79 F.3d 1285, 1296 (2d Cir. 1996) (second alteration in original) (quoting *Girard v. Bd. of Educ.*, 168 A.D.2d 183, 186 (N.Y. App. Div. 4th Dep't 1991)).

Here, Richardson claims that her placement on the Ineligible List deprived her of due process and violated Section 3020-a of New York Education Law, which affords procedural protections to tenured employees subjected to disciplinary proceedings.  *See* N.Y. Educ. L. § 3020-a.  However, Richardson retired from her position in July of 2012, while the investigation into her conduct was still pending and after she had been interviewed in connection with the investigation.  (Compl. ¶¶ 22-27, 31.)  As in *Finley*, her leaving the position "makes it impossible for her to demonstrate that she would not have received" the procedural protections she seeks.  *Finley*, 79 F.3d at 1296.  And as a result of her retirement, she was no longer due any of the procedural protections that apply to active DOE employees.

Richardson argues that her tenure status persisted beyond her resignation, thereby entitling her to further procedural protections.  (Dkt. No. 21 at 11.)  However, the only case Richardson cites in support of this theory, *Vaccaro v. Bd. of Educ. of City Sch. Dist.*, 39 Misc.3d 1241(A) (N.Y. Sup. Ct. 2013), *rev'd*, 139 A.D.3d 612 (N.Y. App. Div. 1st Dep't 2016), does not support her argument.  As an initial matter, *Vaccaro* stands only for the proposition that a

6

formerly tenured teacher who had previously resigned and was then rehired into the same position functionally withdrew his resignation, thus preserving his tenured status. *Id.* The case does not speak to the status of formerly tenured employees who have resigned and were no longer employed by the DOE. Moreover, *Vaccaro* was reversed on appeal, with the First Department finding that the petitioner did not, in fact, regain his tenured status after his rehiring because of his failure to comply with regulations governing the withdrawal of resignation and the restoration of tenure. *See Vaccaro v. Bd. of Educ. of City Sch. Dist.*, 139 A.D.3d 612 (N.Y. App. Div. 1st Dep't 2016). *Vaccaro* does not support Richardson's position here, and instead suggests that tenure status is not preserved but rather must be re-invoked (and even then, applies only where an employee is rehired into the same position). Because that is not the case here, Richardson's resignation terminated her employment relationship with the DOE, not entitling her to further procedural protections. *See Matter of Cannon v. Ulster Cty. Bd. of Coop. Educ. Servs.*, 155 A.D.2d 846, 847 (N.Y. App. Div. 3d Dep't 1989) ("Petitioner's voluntary and deliberate act in allowing his retirement application to become effective constitutes clear and convincing evidence that he intended to relinquish his position and forfeit his tenure rights.").

Thus any claim made by Richardson that her due process rights were violated as a result of the denial of procedural protections in connection with her placement on the Ineligible List was waived by her voluntary retirement.

### C.    Individual Defendants

Only the City Defendants have moved to dismiss. (Dkt. No. 16 at 3 n.1.) The Individual Defendants, meanwhile, have not appeared in this action and the parties dispute whether they have been properly served. (*Id.*; Dkt. No. 23.) However, the Court's reasoning above as to the claims against the City Defendants also forecloses the possibility of any viable due process claim

against the Individual Defendants.  As such, the federal claims against the Individual Defendants are also dismissed.

### D. State Law Claims

Because Richardson fails to state a claim on her due process claim, which was the source of federal jurisdiction, the Court declines to exercise supplemental jurisdiction over her state-law claims.  See 28 U.S.C. § 1367.  (See Compl. ¶ 12.)

## IV. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 14 and to close the case.

SO ORDERED.

Dated: February 23, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge