**MANDATE**

17-695-cv
Richardson v. New York City Board Of Education

1:16-cv-01364-JPO

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand seventeen.

Present:
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
            *Circuit Judges*,
        JED S. RAKOFF,
            *District Judge*.[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2017

ROSEMARIE RICHARDSON,

        *Plaintiff-Appellant*,

        v.                  17-695-cv

NEW YORK CITY BOARD OF EDUCATION, NEW YORK CITY DEPARTMENT OF EDUCATION,

        *Defendants-Appellees*,

CARMEN FARIÑA, KATHERINE G. RODI, CANDACE R. MCLAREN, MYRIAM M BERARDINO, ANNA STEEL, CITY OF NEW YORK,

        *Defendants*.[**]

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

| | |
|---|---|
| For Plaintiff-Appellant: | JAY B. ITKOWITZ (Ashley Winters, *on the brief*), Itkowitz PLLC, New York, New York. |
| For Defendants-Appellees: | MERYL HOLT (Richard Dearing, Jeremy W. Shweder, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Rosemarie Richardson appeals from a February 24, 2017 judgment of the United States District Court for the Southern District of New York (Oetken, *J.*) granting a motion to dismiss Richardson's Complaint, which alleged that Defendants-Appellees, her former employers, violated the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and New York law. In addition to her appeal, Richardson asks the Court to take judicial notice of three documents: a publicly available city regulation, the New York City Board of Education's ("BOE") Regulation of the Chancellor C-205; and two publicly available collective bargaining agreements between the Board of Education of the City School District of the City of New York and the Council of Supervisors and Administrators of the City of New York. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**I.     Background**

Until her July 2012 retirement, Richardson had been a tenured administrator in the New York City Department of Education's ("DOE") Committee on Preschool Special Education

2

("CPSE"). CPSE makes decisions regarding DOE services for children with special needs between three and five years old. At the time of her retirement, Richardson was under investigation by the DOE's Office of Special Investigations ("OSI"), based on a complaint by a parent of one of Richardson's special needs students, claiming that Richardson had falsely documented the parent's telephonic participation in a June 28, 2011 review of the student's individualized education program ("IEP"). An IEP details a specific educational program for a special needs student. The parent was adamant that she did not participate, telephonically or otherwise, in the June 28, 2011 review of her child's IEP.

As the investigation progressed, the OSI learned of additional allegations that Richardson failed to: (1) respond to repeated requests from the parent and the student's service provider to change the student's IEP; (2) contact the parent to schedule the June 28, 2011 review and ensure that the parent could attend; (3) contact the student's service provider to schedule the June 28, 2011 review and ensure that the service provider could attend; and (4) follow certain mandated timelines, by not responding to at least three letter requests from the parent and others that the child's IEP be re-evaluated and by not scheduling an appointment with the parent for the student's IEP review.

On November 29, 2011, an OSI investigator told Richardson that she was the subject of an investigation. On December 16, 2011, the OSI investigator interviewed Richardson, accompanied by her union representative. During the interview, Richardson denied the allegations against her. On July 1, 2012, before any disciplinary charges were brought against her, Richardson retired.

Approximately six weeks after Richardson retired, another OSI investigator substantiated all of the above allegations against Richardson in an OSI Investigative Report dated August 14,

3

2012. The OSI report recommended that Richardson "be placed on the Ineligible List and not be considered for future employment with the DOE." The Director of OSI approved the report. Richardson became aware of her placement on the Ineligible List in connection with her 2015 application for an educational position with Manual Therapy Center, Inc., a DOE vendor. As part of the vetting process, her name was submitted to the DOE for security clearance. In a letter dated July 28, 2015, the DOE denied Richardson's application, based upon the OSI report's findings. Richardson retained counsel and requested that the DOE reconsider its decision. After reviewing Richardson's request and her "entire file," the Director of the DOE's Office of Employee Relations affirmed the original findings in a letter dated October 20, 2015.

## II.     Procedural History

Richardson brought this action in the United States District Court for the Southern District of New York, alleging violations of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and New York law. The three entity defendants—the DOE, the BOE, and the City of New York[1]—moved to dismiss. The five remaining defendants, all individuals, have never appeared. The district court granted the motion, dismissing Richardson's procedural due process claim and declining to exercise supplemental jurisdiction over her state-law claims. Finding that the reasoning as to the entity defendants applied to the individual defendants, the district court also dismissed the claims against the individual defendants.

## III.    Discussion

We begin with Richardson's pending motion for judicial notice. In reviewing a

---

[1] In her opposition to defendants' motion to dismiss below, Richardson conceded that the City of New York was not properly a party to this case and consented to its dismissal as a defendant.

4

complaint on appeal from a motion to dismiss, we are not precluded "from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986). Courts may take judicial notice "at any stage of the proceeding." Fed. R. Evid. 201(d). Under Federal Rule of Evidence 201(b)(2), courts may judicially notice facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, the three documents at issue (a city regulation and two collective bargaining agreements between the BOE and a teachers union) are all public documents, promulgated by or binding on a government agency, and not subject to reasonable dispute, as their contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, the Court **GRANTS** Richardson's unopposed motion for the Court to take judicial notice of the three public documents cited above.

Moving on to the merits of the present appeal, we review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). For motion to dismiss purposes, a complaint is deemed to include "any written instrument attached to it as an exhibit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Id.*

5

Upon review, substantially for the reasons stated by the district court, we conclude that Richardson failed plausibly to allege violations of the Due Process Clause. "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012). In the absence of a protected property interest, a procedural due process claim must fail.

Under this Circuit's precedent in *Finley v. Giacobbe*, and various New York state court decisions, Richardson's voluntary retirement "foreclose[d]" her from "seek[ing] the protections of her previous rights as an employee." *Finley v. Giacobbe*, 79 F.3d 1285, 1296 (2d Cir. 1996) (quoting *Girard v. Bd. of Educ.*, 168 A.D.2d 183, 186 (4th Dep't 1991)) (second alteration in original). As the Court explained in *Finley*, a public employee "cannot complain of procedural defects and omissions[] because she resigned before her employer took all the steps necessary to fire her," and this resignation "makes it impossible for her to demonstrate that she would not have received the[] [procedural protections] prior to her actual firing." *Id.* The public employee in *Finley*, we said, "short-circuited the process by tendering her resignation" and thus the "claim that she was not given procedural rights to which she was entitled accordingly must fail." *Id.*

Richardson asserts that *Finley* is distinguishable because the public employee there was an at-will employee, whereas Richardson had tenure at the time of her retirement. However, nothing in *Finley* suggests that its reasoning was cabined to at-will employees; its logic is equally applicable to tenured and at-will employees. As in *Finley*, Richardson's retirement "short-circuited the [disciplinary] process" and "ma[d]e[] it impossible for her to demonstrate that she would not have received" the procedural protections she cites, such as a disciplinary

6

hearing following the DOE's investigation. *Id.* Indeed, the at-will status of the public employee in *Finley* was seemingly irrelevant to the Court's analysis, as the Court did not highlight the employee's at-will status when rejecting her procedural due process claim. Furthermore, the court in *Finley* explicitly cited and relied on *Girard*, a Fourth Department case brought by a *tenured* assistant superintendent (which itself quoted *Matter of Cannon v. Ulster Cty. Bd. of Coop. Educ. Servs.*, 155 A.D.2d 846, 847 (3d Dep't 1989), an action brought by a *tenured* guidance counselor), for the central holding relevant here: that, by retiring, the employee was "foreclose[d]" from "seek[ing] the protections of her previous rights as an employee." *Finley*, 79 F.3d at 1296 (quoting *Girard*, 168 A.D.2d at 186). Thus, Richardson's tenure status does not fundamentally alter the inquiry; *Finley* still governs (and largely disposes of) Richardson's case.

Additionally, Richardson is unable to point to a statutory or contractual source that provides retired employees with a protected property interest in future DOE employment. The default rule in this Circuit is that prospective government employment is not a protected property interest. *Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002); *MacFarlane v. Grasso*, 696 F.2d 217, 221 (2d Cir. 1982). For an applicant to have a protected property interest in a government position, "the applicant 'clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a *legitimate* claim of entitlement to it.'" *MacFarlane*, 696 F.2d at 221–22 (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (emphasis added by the court in *MacFarlane*)).

Richardson asserts that (1) state law procedural protections; (2) the Chancellor's Regulations (for the first time on appeal); and (3) the union's collective bargaining agreement (also for the first time on appeal) endow her—as a retired tenured employee—with a

7

constitutionally protected property interest in DOE employment. Even if Richardson did not waive the latter two arguments, all three lack merit.

First, Richardson argues that she was "explicitly protected" by Section 3020-a of the New York Education Law, which she asserts entitled her to a "hearing" and "a right and opportunity to contest charges . . . *before disciplinary action may be taken*," such as deprivation of her employment. Pl.-Appellant Br. 5 (emphasis in original). But the statute applies only to employees "enjoying the benefits of tenure" and confronting formal disciplinary charges. *See* N.Y. Educ. Law § 3020-a(1). As noted above in the discussion of *Finley*, absent explicit statutory or contractual rights to the contrary, tenure status does not persist beyond an employee's resignation or retirement. *See Springer v. Bd. of Educ. of City Sch. Dist. of City of New York*, 27 N.Y.3d 102, 108 (2016); *Girard*, 168 A.D.2d at 184–85; *Matter of Cannon*, 155 A.D.2d at 847. Here, in August 2012, when the OSI recommended that the DOE not consider Richardson for future employment, Richardson had already retired and thus was no longer "enjoying the benefits of tenure." Therefore, as soon as she retired, Richardson relinquished Section 3020-a's procedural protections. And, in any event, Section 3020-a's procedural protections do not create a protectable, substantive *property* interest in DOE employment.

Second, Richardson, for the first time on appeal, contends that under the BOE's Regulation of the Chancellor C-205, retirees "continue to possess rights of employment with the DOE," namely: (1) the right to "perform substitute service"; and (2) the "right to reinstatement." Pl.-Appellant Br. 18. Richardson points to paragraph 32 of the Regulation for the right to "perform substitute service," which allows that "a retired employee *may* perform substitute service after resignation . . . ." A-119 at ¶ 32 (emphasis added). For the "right to reinstatement," Richardson cites paragraph 33 of the Regulation, which provides that "a retired

8

pedagogical employee *may, at the discretion of the Executive Director of the Division of Human Resources and after written request, be permitted* to terminate retirement if" no fewer than *four* specific requirements are met. A-120 at ¶ 33 (emphasis added). These provisions, with their permissive and conditional language, plainly afford the DOE significant discretion in employing retirees. Accordingly, Regulation of the Chancellor C-205 does not give Richardson a "legitimate claim of entitlement" to future employment with a DOE vendor rising to the level of a constitutionally protected property interest.

Third, Richardson, also for the first time on appeal, argues that the union's collective bargaining agreement requires that, prior to her retirement: (1) the OSI investigation "should have been concluded"; and (2) she should have been notified of the OSI investigation's results. Pl.-Appellant Br. 17. Specifically, Richardson references paragraph 7.A., which says that the "DOE shall review each open investigation open longer than 180 days within 30 days from the 180th day," and paragraph 7.D., which notes that "[e]mployees who are the subject of an investigation by the Office of Special Investigations . . . shall be notified of the result of the investigation 30 days after the investigation is completed." A-239; A-240. Under these timelines, Richardson submits, 180 days from the investigation's opening was April 10, 2012, thirty days from that was May 10, 2012, and thirty days from that was June 9, 2012. Since Richardson retired on July 1, 2012, she contends that the investigation should have concluded and she should have been notified of its results prior to her retirement.

This argument fails for several reasons. First, these provisions do not mandate that OSI investigations *conclude* within 180 or 210 days from commencement; rather, they merely provide that the DOE "shall review" investigations open for 180 days "within 30 days from the 180th day." A-239. Richardson has never alleged nor is there anything in the record to

9

suggest that the DOE failed to perform such a "review" of the OSI investigation. Second, to the extent that Richardson claims that—even following her retirement—she was entitled to notice of the OSI investigation's results within 30 days after completion, the collective bargaining agreement grants this right only to "[e]mployees," A-240, a category that no longer included Richardson once she retired. *See Finley*, 79 F.3d at 1296 (quoting *Girard*, 168 A.D.2d at 186). Additionally, although the term "employee" is undefined in the collective bargaining agreement, the agreement distinguishes between active "employees" and "retirees" in various provisions. *See, e.g.*, A-149 ("With respect to any retiree who returns to temporary or part-time employment with the DOE without rescinding his/her retirement, the DOE . . . shall not be required to make payments on such retiree's behalf to an active employees' welfare fund."); A-223 (separately referring to "employees" and "retirees"). Therefore, once Richardson retired, the DOE had no contractual obligation to notify her of the investigation's results. And, regardless, the collective bargaining agreement's procedural protections do not generate a protectable, substantive *property* interest in DOE employment.

In sum, because Richardson cannot plausibly allege the existence of a protected property interest of which she was deprived, her procedural due process claim fails. And, because the district court was correct in dismissing Richardson's lone federal claim—the procedural due process claim—it did not err in declining to exercise supplemental jurisdiction over Richardson's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014).

We have considered Richardson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10